W. B. OGDEN, *Plaintiff in Error,* v. J. C. BAILE, *Defendant in Error.*

Opinion Filed May 24, 1917.

1. "Under our statutes all parties to any controversy before or after suit thereupon, may make a rule of court by any arbitration to which they may desire to submit such controversy," by complying with the provisions of the statutes with reference to arbitration; and when this is done the award of the arbitrators has the force and effect of a valid judgment. It is not a proper procedure to make a motion for new trial before the umpire and arbitrators. They have no power given them by the statutes to either grant or deny a motion for new trial. The statutes make no provision to preserve the testimony by bill of exceptions, and there is no way whereby the testimony taken before arbitrators, can be authenticated and brought to this Court as being such testimony.

2. Upon writ of error this Court will not go into the merits or pass upon the testimony in any case of arbitration that has been made a rule of court. The Court will not substitute its

judgment as to the weight and sufficiency of the evidence for that of the umpire and arbitrators. Upon writ of error the Court only reviews the questions raised as provided in Section 1656 of the General Statutes.

3.  Upon writ of error the only grounds upon which this Court will review the award of the umpire and arbitrators, when legally appointed, qualified, and made a rule of court, are,— First, Fraud; Second, Corruption; Third, Gross Negligence or misbehavior of one or more of the arbitrators or umpire who may have signed the award; Fourth, Evident Mistake acknowledged by the arbitrators or umpire; and then only after some one or more of these grounds are raised before the Judge of the Circuit in which the arbitration was had upon motion to set aside the award.

Writ of Error to Circuit Court for Dade County; H Pierre Branning, Judge.

Judgment affirmed.

*Atkinson* & *Burdine,* for Plaintiff in Error;

*Shutts, Smith* & *Bowen* and *A. J. Rose,* for Defendant in Error.

Wilson, *Circuit Judge.*—On December 29th, 1914, one J. C. Baile filed suit by attachment in the Circuit Court of Dade County, and in the suit on January 14th, 1915, also filed praecipe for summons ad res., against W. B. Ogden, in which Baile claimed Ogden owed him $15,000.00 for labor and services rendered. After the filing of declaration and demurrer thereto, the parties to this suit, through their respective attorneys, made and entered into an agreement to arbitrate the case, and make such arbitration a rule of Court. The written agreement is quite lengthy, and is not copied into this opinion, but

certain provisions thereof will be quoted when necessary. The res to be arbitrated was whether or not the defendant, Ogden, was indebted to the plaintiff, J. C. Baile, in any amount for services which Baile claimed to have rendered Ogden, whether such services were rendered, and if any, then what amount, if any, did Ogden owe Baile.

The names of the arbitrators and umpire are set out in the arbitration agreement. They were sworn by the County Judge. This agreement was duly recorded as required by law.

Thereafter testimony was taken before the Board of Arbitrators, the case argued by counsel for both parties, and an award (which was unanimous) made January 29th, 1916, in favor of the plaintiff, J. C. Baile. and against W. B. Ogden, awarding J. C. Baile $5000.00, and dividing the costs as stipulated in the arbitration agreement. On February 4th the Clerk of the Circuit Court gave notice to defendant's counsel of the entry of the award against said W. B. Ogden. Sec. 1564 General Statutes of Florida. On February 5th, 1916, Ogden's attorneys filed before the Board of Arbitrators a motion requesting the Board to set aside the award and grant a new trial, the first ground of the motion being that "the award of the arbitrators is contrary to law," and the second, as well as all other grounds, complain that the finding is contrary to the evidence. This motion was unanimously denied by the umpire and arbitrators, and the arbitrators allowed Ogden sixty days to present bill of exceptions, and fix supersedeas bond.

On February 22nd, 1916, counsel for W. B. Ogden filed a motion before the Judge of the Eleventh Judicial Ciruit to set aside the award, the grounds of the motion being as follows:

"1.   That the arbitrators and umpire were not properly appointed.

"2.   That the arbitration was not made a rule of Court.

"3.   That the agreement to arbitrate purporting to be a statement in writing of the agreement of matters to be submitted to arbitration was not signed by J. C. Baile, plaintiff, or by W. B. Ogden, defendant, being parties to the controversy, but the same was signed by the attorneys of record for the respective parties.

"4.   That it does not appear by the record that the arbitrators and umpire made and subscribed to the oath before a judge or justice of the peace faithfully and diligently to execute the trust committed by this submission.

"5.   That it appears by the record that a day was fixed by the arbitrators and umpire for the hearing, and upon said date the testimony of J. C. Baile, the plaintiff, was taken before the said Board of Arbitrators in the absence of the defendant, W. B. Ogden.

"6.   That on various occasions testimony of witnesses was taken in said arbitration suit at times when one or more of the arbitrators were absent from the hearing.

"7.   That the testimony of the defendant, W. B. Ogden, and of his witnesses was taken in said arbitration suit in the absence of F. H. Rand. Jr., Esq., the Umpire.

"8.   That the said umpire was absent during the cross-examination of J. C. Baile, a witness for his own behalf.

"9.   That it appears by the testimony that the said award is illegal and void in that it appears that the services alleged to have been rendered to W. B. Ogden, personally, for which plaintiff claimed compensation in the statement of matters to be submitted to arbitration, were not rendered to W. B. Ogden personally, but to The Bay Biscayne Company, a corporation of the State of Florida,

of which W. B. Ogden was the President and the said J. C. Baile the Vice-President."

The Circuit Judge on March 11th, 1916, denied the motion to set aside the award, to which exception was taken, and fixed supersedeas bond at $7,500.00.

Writ of error was sued out. There are nine assignments of error. The 1st, 2nd, 3rd, and 4th assignments are practically the same, and complain that the arbitrators erred in finding for and entering judgment in favor of J. C. Baile and against Ogden, and the 5th and 6th assignments complain that the arbitrators and umpire erred in overruling motion for new trial, while the 7th, 8th and 9th complain that the Judge of the Circuit Court erred in refusing to set aside the award.

"Under our statutes all parties to any controversy, before or after suit thereupon, may make a rule of court of any arbitration to which they may desire to submit such controversy." See Sec. 1650 General Statutes of Florida, 1906.

In this case the parties, after suit began, entered into an agreement submitting the matters involved in the suit to arbitration, and provided for making same a rule of court, which was done, and the award of the arbitrators had the force and effect of a judgment. There was an effort made to attack the award upon the ground that the agreement of arbitration was signed by the attorneys for the respective parties, and because of alleged irregularities in the taking of the testimony, but later counsel for defendant in error withdrew this attack, the alleged irregularities having been matters done by consent of counsel on both sides. Therefore the record comes before us showing that the arbitration was properly made a rule of court, and all the requirements of the statutes observed to give

the award the force, effect, and standing of a judgment of the Court.

Immediately after the award, counsel for defendant in error made a motion to set aside the award, and grant a new trial. The grounds of the motion are:

"Now comes the defendant in the above entitled cause and moves the Board of Arbitrators to set aside the award in favor of the plaintiff heretofore entered herein, and to grant a new trial of said cause on the following grounds, to-wit:

"1. That the award of arbitrators is contrary to the law.

"2. That the award of the arbitrators is contrary to the evidence.

"3. That the award of the arbitrators is contrary to the weight of the evidence and not supported thereby.

"4. That the evidence adduced at the trial of said cause before the arbitrators fails to show any contractual relations between the plaintiff and defendant, whereby defendant ought to be charged with any sum or sums of money claimed by the plaintiff as compensation for services rendered by the plaintiff to the defendant.

"5. That the evidence shows that the plaintiff has received fees and commissions growing out of business entrusted to the plaintiff by the defendant, more than sufficient to compensate the plaintiff for the value of such services.

"6. That the evidence shows the plaintiff has remaining in his hands large sums of money entrusted to the plaintiff by the defendant, more than sufficient to off-set any claim for compensation as averred by the plaintiff.

"7. That it appears by the evidence, since the year 1909, the claim of the plaintiff for compensation for services rendered by the plaintiff to the defendant, if such

service was rendered by the plaintiff, was, in reality, for the benefit of The Bay Biscayne Company, a corporation of the State of Florida, and not for the defendant, and that defendant cannot be charged in law for any service rendered by the plaintiff to the said corporation, unless defendant's promise to pay was in writing, under the statute of frauds.

"8.   That the evidence shows the alleged service rendered by the plaintiff if rendered to the defendant, was voluntary and gratuitous, and not done by any promise or agreement, either expressed or implied, or with any expectation of payment.

"9.   That the implication of voluntary and gratuitous service on the part of the plaintiff for the defendant, if such service was rendered, naturally follows by reason of the family connections existing between plaintiff and the defendant at the time that such service was alleged to have been rendered.

"10.   That the testimony of the defendant, corroborated by documentary evidence and exhibits, as well as testimony of other witnesses, shows that during the period of time in which plaintiff claims compensation for his services, the defendant, with the aid of various agents and employees other than the plaintiff, was engaged in the management of his own affairs, as well as the affairs of The Bay Biscayne Company, and that the alleged service of the plaintiff was casual and occasional, and no proof was offered by which the value of such alleged service could be ascertained."

This motion was not a proper one.   The award was recorded on the 4th day of February, 1916, while this motion was made on the 5th of February, after the award had been invested with the force and effect of a judgment.   Moreover, there is nothing in the statutes provid-

ing for a motion of this kind. The arbitrators had no jurisdiction to either grant or deny a motion for new trial, nor to fix supersedeas bond, or fix time for presenting bill of exceptions. Under the statutes the arbitrators are without power or authority to sign bill of exceptions, and there is no way by which the testimony in arbitrations which was taken before the arbitrators can legitimately come to this Court. No provision is made in the Statutes whereby the testimony, taken before arbitrators, can be authenticated and brought to this Court as being such testimony.

This Court will not go into the merits of the controversy submitted to the arbitrators. See Johnson v. Wells, 73 South. Rep. 188, text page 190-191, and authorities there cited: Mr. Justice ELLIS, in the Johnson-Wells case, *supra,* said, (which we here reiterate) "The reason for the high decree of conclusiveness which attaches to an award made by arbitrators is that the parties have by agreement substituted a tribunal of their choosing for the one provided and established by law, to the end that the expense usually incurred by litigation may be avoided and the cause speedily and finally determined. To permit the dissatisfied party to set aside the award and invoke the judgment of the court upon the merits of the cause would be to destroy the purpose of the arbitration and render it merely a step in the settlement of the controversy, instead of a final determination of it." See also Fla. Yacht Club, 64 South. Rep. 742.

In regard to the facts in the case, "the award is entitled to that respect which is due to the judgment of a Court of last resort." See Fla. Yacht Club, 64 South. Rep. 742. The Courts will not review the finding of facts contained in an award, and will never undertake to substitute their judgment for that of the arbitrators. R.

C. L. Vol. 2 P. 389, Sec. 34, and authorities cited in Note 16. And in Wilkins v. Allen, 62 N. E. 575-577. The Court of Appeals of the State of New York said "The cases uniformly establish the doctrine that the merits of an award will be reviewed only upon the grounds, to the extent, and in the manner specified by Statute." Our Statutes covering this subject are Secs. 1650 to 1658 General Statutes, both inclusive. In these there is no provision whatever giving the Courts jurisdiction to hear and determine the merits of the controversy.

Not only will the Court refuse to pass upon the merits of the award, but will also decline to entertain technical errors of the law made in such proceedings, unless a motion is made before the Circuit Judge of the Circuit in which the award is made, setting forth the violation of some of the statutory grounds contained in Sec. 1656 General Statutes. Those grounds are limited to four in number, and are as follows:

1.  Fraud.
2.  Corruption.
3.  Gross negligence, or misbehavior of one or more of the arbitrators or umpire who may have signed the award.
4.  Or evident mistake acknowledged by the arbitrators or umpire.

Now let us examine the grounds of the motion filed by the plaintiff in error, by his attorneys, to have the award set aside;

The first ground is the arbitrator and umpire were not properly appointed.

The second is that the arbitration was not made a rule of court.

The third ground sets up a complaint that the agree-

ment to arbitrate was signed by the respective attorneys in the suit and not by the parties themselves.

The fourth ground complains that the record does not show that the arbitrators were properly sworn.

The fifth, sixth and seventh grounds claim that testimony of Baile was taken while Ogden was absent. That on various occasions testimony was taken when one or more of the arbitrators were absent, and some testimony was taken while the umpire was absent.

The ninth ground claims the award was illegal by reason of the fact that Baile sued Ogden for services, when the services were rendered The Bay Biscayne Company. If under the first statutory ground the motion of the defendant had set up fraud, and had stated sufficient facts to warrant investigation, and had produced at the hearing of the motion the facts constituting the grounds on which the motion is made, Sec. 1667 General Statutes, then upon writ of error this Court would review this ground of the motion, together with the affidavits submitted pro and con; and the same rule would prevail as to the other, or the second, third and fourth grounds provided for in Section 1667. It will be noted, however, that the plaintiff in error, in his motion before the court, has not set up any of the grounds which the statute authorizes as being a ground, or grounds, upon which the award may be set aside.

In a letter written to this Court, and filed herein August 17th, 1916, Mr. R. F. Burdine, of counsel for plaintiff in error, expressly withdraws and abandons in several instances, the position taken in the motion before the Circuit Judge to set aside the award—first, he abandons the position that the umpire and arbitrators were not properly appointed because the agreement of arbitration was signed by counsel instead of the parties themselves.

He also abandons his position that testimony was taken in the absence of some of the arbitrators.

He also abandons the position that the arbitrators' agreement was not properly recorded.  He does not in so many words abandon his position that Baile's testimony was taken in the absence of Ogden, but we do not consider this point seriously for the reason that the record shows the following written agreement of counsel on both sides.

On the 5th day of November, 1915, an agreement was filed before the Board of Arbitrators, in words and figures as follows:

"IN THE COURT OF THE BOARD OF ARBITRATORS AND UMPIRE.

"J. C. Baile

vs

"W. B. Ogden.

"It is agreed by counsel for plaintiff and defendant, that inasmuch as W. B. Ogden, the defendant herein, is now within the jurisdiction of the United States of America, the examination of J. C. Baile, the plaintiff, under oath, may be had before this court of arbitrators without the presence of the defendant, W. B. Ogden, and that his testimony shall have the same force, effect and validity as if the said W. B. Ogden were present at the time of such examination.

"Dated this 5th day of November, A. D. 1915.

"SHUTTS, SMITH & BOWEN,

"A. J. ROSE,

"Attorneys for Plaintiff.

"ATKINSON & BURDINE,

"Attorneys for Defendant.

Nor does he abandon the fourth ground of that mo-

tion, which is that "the record does not show the arbitrators took the oath before some Judge or Justice of the Peace to faithfully and diligently execute the trust committed by this subservience."

In the award we find that the arbitrators included this statement, "Thereupon all of the said arbitrators, and the said umpire * * * before entering upon the investigation of the matters submitted to them, were severally sworn by Samuel J. Barco, County Judge of Dade County, Florida," faithfully and diligently to execute the trust submitted by this commission.

There is nothing in the record to show that the umpire and arbitrators were not sworn, except what is contained in the motions, assignments and brief of counsel.

"It is an established principle that submissions are to be liberally construed, so as to give effect to the intention of the parties. Every reasonable intendment is to be made in their favor." 3 Cyc. p. 664, Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, Fla. Yacht Club v. Renfore, 64 South. Rep. Text p. 745. But when we consider that both sides proceeded entirely through the arbitration, took testimony, and argued the case and never raised this point until after the award, we think the plaintiff in error is estopped now from securing any benefit from it, even if it came within the grounds which might be invoked to have the award set aside by the Court. But the fact is that it does not come within such bounds, and neither does any one of the other grounds of the motion fall within the provisions of the statutory grounds for setting aside the award. The Circuit Judge made no error in overruling the motion to set aside the award.

One of the points raised by plaintiff in error is that the umpire and arbitrators erred in finding for J. C. Baile,

when he in fact was giving his services to The Bay Biscayne Company instead of Ogden.

There is no allegation of fraud in the motion made before the Circuit Judge, nor of corruption, nor of gross negligence or misbehavior on part of umpire or arbitrators, nor did the motion set up mistakes acknowledged by the umpire or arbitrators; therefore we are not warranted in considering this matter, as it can only be found in the testimony, which cannot be considered by this Court, for the umpire and arbitrators are the sole and final judges of the evidence, and even where they may make mistakes in their judgment as to the weight of the evidence, still the Court cannot review the evidence and substitute its judgment for that of the umpire and arbitrators. Vol. 2 Ruling Case Law Sec. 34 p. 389 and authorities cited.

It is claimed that the award is not legal because made after the time in which each side had agreed that it should be made. This matter was not made a ground of the motion for new trial before the arbitrators, nor was it one of the grounds of the motion to set aside the award. It is not one of the assignments of error. Still, as it was argued in the briefs, we took occasion to examine the agreement on the point, and we find it reads as follows:

"Now, Therefore, it is agreed by counsel for plaintiff and defendant that the defendant shall introduce all of his testimony in this cause and the plaintiff all of his testimony in rebuttal and the said cause argued by counsel and heard by the arbitrators and submitted to them upon testimony and argument of the parties, not later than January 5th, 1916, and the said arbitrators shall hear, determine and decide said cause on the testimony so submitted within said time, and no additional time shall be asked for or be allowed after January 5th, 1916, to

*hear testimony* of the parties or the *argument of counsel."*

This agreement properly construed means that the parties shall close the taking of their testimony and finish their argument by January 5th, 1916, and that the arbitrators shall proceed to "hear, determine and decide" the said cause, *upon the testimony so submitted within said time,* and that *no additional time* shall be asked for or allowed *after January 5th,* 1916. No additional time for what? *"To hear the testimony of the parties and the argument of counsel."* This agreement was intended to shut off further time for taking testimony and for arguing the case, and did not mean that the arbitrators must decide the case before midnight on the night of January 5th, 1916, for such construction would give counsel until midnight on Jan. 5h, 1916, to submit evidence and argument, and leave no time whatsoever for the arbitrators and umpire to consider the testimony and the law. Certainly there is nothing in the agreement to the effect that the umpire and arbitrators shall *not* have further time to *consider* the case *after* January 5th, 1916. However, as stated above, this matter was not raised in the lower court, and it cannot now be raised in this court for the first time.

The plaintiff in error claims in the brief filed by his counsel that all the matters involved in the suit were not considered by the arbitrators. That part of the agreement referring to the matters to arbitrate is as follows: "Whereas, disputes and differences have arisen and are still subsisting between the said parties in relation to a claim asserted by said J. C. Baile against said W. B. Ogden, for services which the said Baile alleges that he rendered to the said Ogden at the request of the said Ogden from about the month of April, 1908, to

about the month of April, 1914, such alleged services being said to be personal services of said Baile rendered to said Ogden in assisting said Ogden in lending money of the said Ogden, securing the same by mortgage and other securities, and in borrowing money for said Ogden and in discounting for said Ogden, notes of said Ogden, and in aiding said Ogden in his dealings in and negotiating stocks, bonds, and other securities belonging to said Ogden and in aiding and assisting said Ogden in various business dealings and operations and in looking after and caring for, property and investments and business affairs for said Ogden, while said Ogden was in the State of Florida, and during his absence from said State, and the said Baile claims that the reasonable value of his services which he claims to have rendered, is:

$1,500.00 for the first year.

$2,000.00 for the second year.

$2,500.00 for the third year.

$3,000.00 for each of the remaining three years, and that the entire value of his services which he claims to have rendered is $15,000.00. And the said Ogden claims that the said J. C. Baile never rendered him any services for which he was to be paid, but that they were rendered gratuitously, or if not rendered gratuitously that he has been fully paid therefor and that he is not liable for the value of any services rendered by Baile to Ogden and is not liable to Baile in any sum therefor whatever."

And further the agreement said, "desire to submit the said controversy arising in said suit." In short, all matters in that suit were to be submitted to arbitration. There is nothing in the record to show that *all these* matters were *not submittted*. On the contrary, the award, signed by the umpire and arbitrators ·unanimously say, "This cause pending between plaintiff and defendant in

the Circuit Court of the Eleventh Judicial Circuit of the State of Florida in and for Dade County, having been submitted to C. D. Leffler, John W. Watson, F. C. Bush and Dave Afremow, Arbitrators, and Frederick H. Rand, Jr., Umpire, by written agreement of the parties, said agreement being made a Rule of Court and recorded in Minute Book No. 10 Page 488, as well as by order of the Judge of said Court entered by him on motion of counsel for both parties, said order being recorded in Minute Book No. 10, Page 498.

Thereupon, all of said arbitrators and the said umpire, and counsel for the respective parties met on November 5th, 1915, and before entering upon the investigation of the matters submitted to them were severally sworn by Samuel J. Barco, County Judge of Dade County, Florida, faithfully and diligently to execute the trust committed by the submission; and the examination of all witnesses and of the said parties before the arbitrators and umpire was under oath. Hearing of this cause was begun November 5, 1915, and the arbitrators adjourned and hear the cause on subsequent days, notice of each hearing having been given to all persons interested, and at each hearing counsel for the respective parties were present, each of said hearings, and the time and place theerof, being held by consent of all parties.

After hearing all the testimony produced and offered, including all testimony of the witnesses and of the parties themselves, and counsel for each side announced that all the testimony was before the arbitrators and umpire, the board of arbitrators and umpire heard the argument of counsel for the respective parties and received their respective briefs.

The arbitrators and umpire then met on January 29, 1916, to consider and adjudicate said cause, and the said

arbitrators and umpire, sitting together, after considering all the testimony produced before them, the arguments of counsel and their respective briefs, do find and adjudge, all of them concurring, that there is now due and owing by the defendant, W. B. Ogden, to the plaintiff, J. C. Baile, the sum of five thousand ($5,000.00) Dollars."

It will be observed that all testimony offered by counsel was received, and *all* of it, as well as argument of counsel, was considered. Therefore if anything was omitted it was through oversight of counsel in not putting it before the arbitrators. However, it is unnecessary for this Court to consider this point, for it is not presented to us as being either "fraud" or "corruption," or "gross negligence or misbehavior of one or more of the arbitrators or of the umpire," nor as "evident mistake acknowledged by the umpire or arbitrators."

We find nothing in the record showing that the umpire and arbitrators acted in bad faith making the award, nor that they, nor any one connected with the case, were guilty of "fraud," or "corruption," nor of "gross negligence, or misbehavior," nor "evident mistake acknowledged by the umpire and arbitrators," and no such grounds were set forth in the motion before the Circuit Judge to set the award aside.

Finding no reversible error, it is ordered that the judgment be affirmed at the cost of the plaintiff in error.

TAYLOR, SHACKLEFORD, WHITFIELD, and ELLIS, JJ., concur, BROWNE, C. J., disqualified.