98 So.2d 85 (1957)
Matter of the Arbitration Between MERRITT-CHAPMAN & SCOTT CORP., and The STATE ROAD DEPARTMENT of the State of Florida.
Supreme Court of Florida.
November 13, 1957.
*86 Charles T. Boyd, Jr., Jacksonville, and Ross H. Stanton, Jr., Tallahassee, for appellant.
Glickstein, Crenshaw & Glickstein, Jacksonville, and Raymond, Wilson & Karl, Daytona Beach, for appellee.
HOBSON, Justice.
This is an appeal from an order of the circuit court denying a motion to set aside an award granted to appellee as the result of a statutory arbitration proceeding.
Appellant's principal charge is that there were acts of "misbehaviour or gross negligence" on the part of one or more of the arbitrators. Since the record is utterly barren of any evidence of such acts, and, indeed, of irregularities of any kind in the proceedings, we would be perplexed by appellant's choice of words were it not for Sec. 57.07, Florida Statutes, F.S.A., which provides that an award such as this "shall be set aside by the court only on the ground of fraud, corruption, gross negligence or misbehaviour of one or more of the arbitrators or umpire who may have signed the award, or of evident mistake acknowledged by the arbitrators or umpire." [Emphasis added.] The charges, then merely amount to a statement of two of the milder grounds which would have to be made out to authorize the court to set aside the award.
In a well-reasoned opinion, the circuit judge found and concluded in part as follows:
"The record indicates that the parties to the arbitration were given sufficient notice of the hearing before the arbitrators and were given full opportunity to be heard and to present such evidence as they wished in accordance with the arbitration agreement which forms the basis of this arbitration. The arbitration procedure outlined in Chapter 57, Florida Statutes, 1953 [F.S.A.], appears to have been strictly adhered to, and this is not challenged.
* * * * * *
"Every reasonable presumption will be indulged to uphold arbitration proceedings which have resulted in an award. When the parties have agreed upon arbitration the Court should not undertake to substitute its judgment for that of the arbitrators. In the present case a review of the evidence discloses that the award is supported by substantial, competent evidence, and that the amount of the award is not so excessive as to show either gross negligence or misbehavior on the part of the arbitrators.
"Accordingly, the Court finds:
"1. The arbitrators were not guilty of gross negligence, or misbehavior.
"2. There was no evident mistake acknowledged by any of the arbitrators or umpire.
"3. The award is supported by substantial, competent evidence in the record, and is not so excessive as to constitute either gross negligence or misbehavior."
In holding that the award is supported by competent, substantial evidence, the circuit court went even beyond the necessities of the case, for we have held that in a statutory arbitration proceeding such as this "the courts will not review the finding of facts contained in an award, and will never undertake to substitute their judgment for that of the arbitrators." Ogden v. Baile, 73 Fla. 1103, 75 So. 794, 797. On broader principle, we stated in Cassara v. Wooford, Fla., 55 So.2d 102, 105:
"[T]he award of arbitrators in statutory arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment, and  however disappointing it may be  the parties must abide by it."
There is no error. The judgment appealed from is affirmed.
TERRELL, C.J., and THOMAS, ROBERTS and DREW, JJ., concur.