PER CURIAM.
This direct appeal brings for review an •order of the Circuit Court holding constitutional Florida Statute § 57.22, F.S.A. and denying relief against adverse award in an arbitration proceeding.
A car driven by Carol Roberson and owned by David Lee Calvin was involved in an intersection accident with another automobile operated by Leroy Wilson. At the time of the accident Wilson had an automobile insurance policy with Prudence Mutual Casualty Company, under which he was afforded uninsured motorist protection, but which provided for arbitration of any •disputed claim under the uninsured motorist protection clause to be in accordance with the rules of the American Arbitration Association. His policy further provided that judgment under the award rendered by the arbitrator could be entered in any court having jurisdiction and that either party would consider itself bound by any award made by the arbitrator.
Wilson, through his attorney, filed a demand for arbitration with the American Arbitration Association, claiming injuries as a result of the intersection accident. An .arbitrator was selected, to which no objection was made, a hearing held, and the matter brought on for final disposition before the arbitrator. The arbitrator rendered his award disallowing the claim of Wilson, and timely thereafter Wilson filed a petition in the Circuit Court requesting the court to vacate the arbitrator’s award, but did not sufficiently allege any of the grounds for judicial intervention provided in Florida Statute § 57.22, F.S.A. His petition being denied, Wilson then contended that the statute is unconstitutional in that it does not provide for a method of appellate review and in effect says it deprives him of his right to appeal under Article V, Section 5(3) of the Florida Constitution, F. S.A. • The trial court upheld the constitutionality of Florida Statute § 57.22, F.S.A., denied Wilson’s petition, and entered judgment on the award. In this posture, we have for review the constitutionality vel non of Florida Statute § 57.22, F.S.A., and the contention of Wilson that he is entitled to a judicial review and that the arbitration award should be vacated and set aside primarily on the contention that the arbitrator committed errors of law and fact.
We have heard argument of counsel and carefully reviewed the briefs, and it is our opinion, and we hold that the trial court was eminently correct in upholding Florida Statute § 57.22, F.S.A. against the attack made on it by Wilson. We have examined the other question presented by the appellant and find the decision of the lower court likewise without error.
A discussion of arbitration appears in Cassara v. Wofford, Fla., 55 So.2d 102, in which appears this significant language :—
“As to the other matters alleged by the lessee as grounds for setting aside the award, it is provided by Section 57.07, Florida Statutes, F.S.A., that ‘An award of any arbitration duly appointed, made pursuant to the said submission, shall be set aside by the court only on the ground of fraud, corruption, gross negligence or misbehavior of one or more arbitrators or umpire who may have signed the award, or of evident mistake acknowledged by the arbitrators or um *302 pire.’ Thus, the award of arbitrators in statutory arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment, and —however disappointing it may be — the parties must abide by it. As stated in Johnson v. Korn, Tex.Civ.App., 117 S.W.2d 514, 519, citing Payne v. Metz, 14 Tex. 56: ‘The Court should interpose in this class of cases with great caution; and never, except in a case of urgent necessity, to prevent the consummation of a fraud, or some great and manifest wrong and injustice. It is not every error or mistake of law or fact, which will warrant the setting aside of an award. If it were, there would be but few awards made which would stand the test of judicial investigation; for they are most frequently made by men not learned in the law, nor skilled in judicial proceedings. And if they could be questioned on slight grounds or for trivial errors, there would be few which would not become the subjects of judicial investigation; for the cases will be rare indeed, in which the award, however equitable and just, will prove perfectly satisfactory to all parties.’ ”
The decision of the lower court being without error, the judgment is affirmed.
THORNAL, C. J., and THOMAS, DREW, O’CONNELL and CALDWELL, J J., concur.
ROBERTS, J., dissents with Opinion.
ERVIN, J., dissents with Opinion.