239 So.2d 602 (1970)
WEEKI WACHEE ORCHID GARDENS, INC., a Florida Corporation, Appellant,
v.
FLORIDA INLAND THEATRES, INC., (Successor to St. Petersburg Springs Company), a Florida Corporation, Appellee.
No. 69-671.
District Court of Appeal of Florida, Second District.
September 16, 1970.
Rehearing Denied October 15, 1970.
*603 Carl O. Dunbar, Jr., Dunedin, and Richard E. McGee, Sr., Brooksville, for appellant.
E. LaMar Sarra, and Ralph H. Martin and John C. Spencer, of Milam, Martin & Ade, Jacksonville, for appellee.
PIERCE, Judge.
This case is on appeal to this Court from an amended final judgment approving an arbitrators' award following a disagreement between the parties.
Appellant Weeki Wachee Orchid Gardens, Inc., was lessee under a long term written lease with the owner of the property, Florida Inland Theatres, Inc. The property in question adjoined Weeki Wachee Springs, a well-known tourist resort outside of Brooksville in Hernando County, whereon Weeki Wachee had, for some fifteen years prior to the institution of the suit, carried on a wholesale and retail business in growing and selling orchids. On April 15, 1967, Florida Inland Theatres advised Weeki Wachee in writing its desire to terminate the lease, which under the terms thereof it had a right to do, provided it purchased from Weeki Wachee 150% of the market value of "all buildings and other improvements, including landscaping and plants". Failing to agree on the market value of such items, the parties, as provided in the lease, proceeded accordingly to arbitration. Three arbitrators were agreed upon which, after protracted hearings, found the "full and fair worth" of the improvements and plants in question to be in the sum of $67,732.50. Subsequently the Court, on November 26, 1969, entered its amended final judgment in conformity with said award. Weeki Wachee, being dissatisfied with the award and also the action of the Court approving the award, has appealed to this Court.
The proceedings had before the arbitrators are not generally to be examined by a trial Court or an appellate Court in determining how the arbitrators arrived at their award. Ogden v. Baile, 1917, 73 Fla. 1103, 75 So. 794; Carol City Utilities, Inc. v. Gaines Construction Co., Fla.App. 1967, 201 So.2d 242. Such proceedings are not normally part of the award record, and it is incumbent upon the party feeling aggrieved to demonstrate bias or prejudice on the part of the arbitrators and if that burden is not sustained the award must be affirmed. See also 5 Am.Jur.2d Arbitration and Awards, § 186.
The issue here was solely a factual one, and the arbitrators as the finders of fact reconciled the conflicts in evidence. It would serve no good purpose to here analyze the evidence in the record. Suffice to say that reversible error on the part of the trial Court in upholding the arbitrators' award has not been clearly demonstrated. It therefore follows that the amended judgment appealed must be and is 
Affirmed, rendering it unnecessary to rule on the motion heretofore filed by the Appellee to dismiss the appeal.
HOBSON, C.J., and McNULTY, J., concur.