279 So.2d 905 (1973)
DAIRYLAND INSURANCE COMPANY, Appellant,
v.
Delmont HUDNALL, Appellee.
No. 72-1085.
District Court of Appeal of Florida, Third District.
June 26, 1973.
Walsh, Dolan & Krupnick and Edmund C. Sciarretti, Ft. Lauderdale, for appellant.
Spencer & Taylor, Talburt, Kubicki, Vogler & Carhart, Miami, for appellee.
Before CHARLES CARROLL and HENDRY, JJ., and McCAIN, DAVID L., Associate Judge.
CARROLL, Judge.
A claim of the appellee Delmont Hudnall for damages for personal injuries caused by an uninsured motorist, was arbitrated with his insurer Dairyland Insurance Company, as contracted for in the policy. The arbitration award was in favor of the insurer. In the award it was recited the arbitrators found the uninsured motorist guilty of gross negligence and found the claimant (passenger) guilty of "contributory negligence and assumption of risk."
Thereafter Hudnall filed a motion in the circuit court to vacate the award, stating as the "reasons" therefore (1) that the award was against the manifest weight of the evidence; (2) that the arbitrators misapplied the application of the rule of burden *906 of proof when deciding the issues of contributory negligence and assumption of risk; and (3) that the arbitrators erred in treating the uninsured motorist as an adverse witness, in that "there did not exist sufficient grounds for declaring him to be an adverse witness."
The circuit court entered an order vacating the award, and directing rehearing of the matter before the arbitrators. The grounds upon which the award was vacated, as listed in the order, were the three grounds asserted in the motion.
Section 682.13 of Chapter 682 Fla. Stat., F.S.A., the Florida Arbitration Code, relates to vacating an award. It sets out five grounds for which an award shall be vacated.[1] Following the listing of those grounds the section states: "But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."
None of the five grounds listed in the statute was asserted or relied upon in the motion or in the court's order vacating the award. Likewise, none of the three grounds listed in the motion and in the court's order as the basis for setting aside the award in this case were among those provided for by § 682.13.
A further provision of the Florida Arbitration Code which appears to restrict vacation of an arbitration award to the grounds stated in the statute appears in § 682.18(1) Fla. Stat., F.S.A. Therein it is provided that the making of an agreement for arbitration subject to the Florida Arbitration Code confers jurisdiction on the court to enforce the agreement and to enter judgment on an award rendered thereunder "and to vacate, modify or correct an award rendered thereunder for such cause and in the manner provided in this law."
In Wilson v. Prudence Mutual Casualty Company, Fla. 1967, 197 So.2d 300, wherein there was involved arbitration of a claim arising from injuries occasioned by an uninsured motorist, the Supreme Court rejected a contention of the unsuccessful party "that he is entitled to a judicial review and that the arbitration award should be vacated and set aside primarily on the contention that the arbitrator committed errors of law and fact." Therein the Court held that the Florida Arbitration Code was not unconstitutional for failure to provide a method of judicial review of arbitrators' decisions. Further therein, the Court quoted what was there referred to as "significant language" in a discussion of arbitration appearing in Cassara v. Wofford, Fla. 1951, 55 So.2d 102; as follows:
"`* * * Thus, the award of arbitrators in statutory arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment, and  however disappointing it may be  the parties must abide by it. * * * It is not every error or mistake of law or fact, which will warrant the setting aside of an award. If it were, there would be but few awards made *907 which would stand the test of judicial investigation; for they are most frequently made by men not learned in the law, nor skilled in judicial proceedings. And if they could be questioned on slight grounds or for trivial errors, there would be few which would not become the subjects of judicial investigation; for cases will be rare indeed, in which the award, however equitable and just, will prove perfectly satisfactory to all parties.'"
In Matter of Arbitration between Merritt-Chapman & Scott Corp. and the State Road Department of Florida, Fla. 1957, 98 So.2d 85, 86, the Supreme Court said: "* * * we have held that in a statutory arbitration proceeding such as this `the court will not review the finding of facts contained in an award, and will never undertake to substitute their judgment for that of the arbitrators.' Ogden v. Baile, 73 Fla. 1103, 75 So. 794, 797." In Ogden the Supreme Court said: "Not only will the court refuse to pass upon the merits of the award, but will also decline to entertain technical errors of the law made in such proceedings, unless a motion is made before the circuit judge of the circuit in which the award is made, setting forth the violation of some of the statutory grounds contained in § 1656 General Statutes. Those grounds are limited to four in number and are as follows: * * *"
In Carol City Utilities, Inc. v. Gaines Construction Co., Fla.App. 1967, 201 So.2d 242, this court, citing the Ogden and Merritt-Chapman cases, said: "The proceedings had before the arbitrator are not generally to be examined by a trial court or an appellate court in determining how the arbitrator arrived at his award." That language was repeated in Weeki Wachee Orchid Gardens v. Florida Inland Theatres, Fla.App. 1970, 239 So.2d 602.
The arbitration award in this case was not subject to be vacated on the grounds of mistake or errors of fact or law by the arbitrators, upon which the motion to vacate was predicated. In the absence of allegation and establishment of some ground listed in the statute as basis for vacating the award, it was error to vacate the award. Section 682.13(4) Fla. Stat., F.S.A. provides: "If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award."
Accordingly, the order vacating the award is reversed and the cause is remanded to the circuit court with direction to confirm the award, as thus provided for by the statute.
NOTES
[1] "(a) The award was procured by corruption, fraud or other undue means;

"(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party;
"(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers;
"(d) The arbitrators or the umpire in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 682.06, as to prejudice substantially the rights of a party; or
"(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under § 682.03 and unless the party participated in the arbitration hearing without raising the objection."