340 So.2d 1240 (1976)
AFFILIATED MARKETING, INC., a Florida Corporation, Appellant,
v.
DYCO CHEMICALS & COATINGS, INC., a Florida Corporation, Appellee.
DYCO CHEMICALS & COATINGS, INC., a Florida Corporation, Appellant,
v.
AFFILIATED MARKETING, INC., a Florida Corporation, Appellee.
Nos. 76-152, 76-1405.
District Court of Appeal of Florida, Second District.
December 17, 1976.
Rehearing Denied January 24, 1977.
Robert C. Burke, Jr., of Korones & Burke, P.A., Clearwater, for Affiliated Marketing, Inc.
John T. Allen, Jr., P.A., St. Petersburg, for Dyco Chemicals & Coatings, Inc.
*1241 GRIMES, Judge.
Customarily, the parties to a contract agree to submit their disputes to arbitration in order to save time and money. No doubt this result is often accomplished, but this is an instance in which the parties went to arbitration and saved neither time nor money.
Affiliated Marketing is a consulting firm which promotes the sale of package franchises. In September 1975, Affiliated and Dyco Chemicals & Coatings, Inc. entered into a written agreement whereby Affiliated would act as the exclusive representative of Dyco for the marketing of Dyco's commercial decorator paint store franchises. The contract contained a provision providing for arbitration of any disputes arising under the agreement.
Subsequently, Dyco unilaterally terminated the contract by giving written notice to Affiliated. As a consequence, Affiliated requested arbitration. Following a hearing, the arbitrator awarded Affiliated the sum of $14,237.03. Affiliated then filed an application for confirmation of an award of arbitration, and Dyco filed an application for vacation and/or motion for modification of arbitration award before Circuit Judge Charles Phillips.
Judge Phillips vacated the award and directed the arbitrator to set a rehearing to take additional evidence and testimony to corroborate the claims of Affiliated. The arbitrator held a rehearing, but he did not adhere to the guidelines set forth by Judge Phillips. A new award in favor of Affiliated was entered in the sum of $11,267.90.
Affiliated filed its second application for confirmation of an award of arbitration in the same case filed before Judge Phillips, and Dyco also filed its application for vacation and/or motion for modification of arbitration award with Judge Phillips. Dyco also filed a duplicate of its application in a new proceeding assigned to Circuit Judge Elizabeth Kovachevich. When Affiliated failed to respond in the proceeding before her, Judge Kovachevich entered a default judgment in favor of Dyco. Later, Affiliated filed a motion to vacate the default judgment on the ground that jurisdiction over the arbitration proceeding had been retained by Judge Phillips and further asserting that its failure to respond in the new proceeding was because of excusable neglect in assuming the matter would be disposed of before Judge Phillips. Judge Kovachevich then transferred the case before her to Judge Phillips for disposition.
Judge Phillips vacated the default judgment as being void on the premise that he had retained jurisdiction over the case. Dyco has filed an interlocutory appeal from the vacation of the default judgment. In the case previously pending before him, Judge Phillips entered a final judgment for Dyco in which the new arbitration award was vacated, holding that it was procured by undue means "in that the arbitrator received insufficient and inappropriate evidence to sustain the arbitration award." The judge further observed in the final judgment that the arbitrator had evidenced partiality for Affiliated in the arbitration proceedings. Affiliated has appealed from this final judgment.
The two appeals were consolidated in this court. Dyco's appeal concerning the vacation of the default judgment can easily be rejected. The case was before Judge Phillips at the outset. His first order vacating the arbitration award was sufficient to retain jurisdiction over the matter. Cf. Carner v. Freedman, 175 So.2d 70 (Fla.3d DCA 1965). Indeed this was recognized by Dyco, since in addition to the filing with Judge Kovachevich, it also filed before Judge Phillips a duplicate application to vacate the award.
We turn now to the vacation of the arbitration award for Affiliated. The order vacating the first award read as follows:
"The entitled cause having come on for trial upon the petition of Affiliated Marketing, Inc. for confirmation of award of Arbitrator and the Court having received testimony, demonstrative evidence, and heard argument of counsel and been duly advised in the premises finds that the central question presented for decision was whether or not the testimony and *1242 evidence received by the Arbitrator constituted fraud. On the one hand, bills were presented which, if they remained unexplained, would indicate that Affiliated Marketing, Inc. made claim for these items for which it was not entitled to be compensated. On the other hand, the explanations offered by Affiliated Marketing, Inc., if true, would show careless bookkeeping or unwise business practice but would negate the allegation of fraud.
"The Court finds that the Arbitrator believed the explanations offered by Affiliated Marketing, Inc. and based his award on such explanations. If the explanations are true, Affiliated Marketing, Inc. is entitled to the award. If they are not true, the award should be overturned and Dyco Chemicals & Coatings, Inc., should prevail.
"The Court feels that the only possible way to reach a just conclusion is to examine the verity of the explanations. The only way to prove or disprove such explanations is to receive corroborative testimony and proof from disinterested parties. It is thereupon,
"ORDERED AND ADJUDGED as follows:
"That the award of the Arbitrator be and the same is hereby set aside and vacated pursuant to F.S. 682.13(e)(3) and a rehearing before the Arbitrator is hereby ordered for the purpose of taking testimony and other proof from the suppliers of goods and services upon which the case is based to determine the extent to which the claims are thus corroborated and for the Arbitrator in this cause to then make an award based upon such additional testimony as heard by him pursuant to law.
"DONE AND ORDERED in Chambers at Clearwater, Pinellas County, Florida this 2nd day of December, 1974."
A high degree of conclusiveness attaches to an arbitration award because the parties themselves have chosen to go this route in order to avoid the expense and delay of litigation. Johnson v. Wells, 72 Fla. 290, 73 So. 188 (1916). The arbitrator is the sole and final judge of the evidence and the weight to be given to it. Bankers & Shippers Insurance Company v. Gonzalez, 234 So.2d 693 (Fla.3d DCA 1970). The proceedings before an arbitrator are not generally to be examined by the court for the purpose of determining how the arbitrator arrived at his award. Weeki Wachee Orchid Gardens v. Florida Inland Theatres, 239 So.2d 602 (Fla.2d DCA 1970).
The Florida Arbitration Code specifically states when a court may vacate an arbitration award. Thus, Section 682.13, Florida Statutes (1973) provides:
"682.13 Vacating an award. 
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means;
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party;
(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers;
(d) The arbitrators or the umpire in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 682.06, as to prejudice substantially the rights of a party; or
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under § 682.03 and unless the party participated in the arbitration hearing without raising the objection;
But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."
Measured against the statute and the applicable case law, it is evident that the grounds upon which the first award was vacated were legally insufficient. While *1243 the court indicated that Affiliated may have perpetrated a fraud in the arbitration proceedings, it was also acknowledged that if the explanation offered by Affiliated were true, Affiliated was entitled to the award. Despite the fact that the order points out that the arbitrator apparently believed the explanation, the award was vacated with directions to the arbitrator to seek corroboration of the verity of the explanation.
The court may well have been correct in concluding that in a court of law the evidence presented to the arbitrator would have been insufficient to support the award. The point is that the parties were not in a court of law. When the parties agreed to arbitration, they gave up some of the safeguards which are traditionally afforded to those who go to court. One of these safeguards is the right to have the evidence weighed in accordance with legal principles.
Since the original award should not have been set aside, the proceedings thereafter were, in essence, a nullity. If these proceedings had in fact developed that the arbitrator had been partial to Affiliated, this might constitute the basis for an attack on the first award. However, as we view the record, the conduct of the arbitrator occurring after the first award was vacated was at the most acts of pique precipitated by what the arbitrator must have viewed as an unwarranted invasion into his prerogatives. The record does not reflect any of the statutory grounds for setting aside an arbitration award.
The order vacating the default judgment is affirmed. The final judgment is reversed with directions to reinstate the first arbitration award and to enter a judgment confirming this award.
McNULTY, C.J., and BOARDMAN, J., concur.