SHARP, Judge,
dissenting.
The issue in this case is whether the trial court properly vacated an arbitration award which required appellee, Orange County School Board (School Board), to reappoint appellant Woods as a teacher for the 1981-82 school year. The arbitrator found that Woods was not reappointed because the School Board violated its duties to assess Woods’ performance as a teacher under its collective bargaining agreement. The arbitrator also found that the School Board violated a previous arbitrator’s award and directions to remove a letter of reprimand from her file and to prohibit the principal from relying on its contents in deciding whether to recommend Woods for reappointment.
The arbitrator determined that the principal relied on charges in the reprimand in deciding not to reappoint Woods. The decision not to reappoint Woods was based exclusively on third party complaints, which Woods was not given the opportunity to refute or explain. Thus, a significant denial of Woods’ rights occurred when the School Board denied her an assessment hearing. Significantly, the arbitrator found that the principal’s openly disparaging remarks towards Woods and black teachers in general, gave rise to “an atmosphere conducive to the solicitation of complaints and a predisposition toward belief that any and all complaints were valid.”
We must accept as established the unchallenged findings of the arbitrator. §§ 682.02 & 682.20, Fla.Stat. (1983); Ogden v. Baile, 73 Fla. 1103, 75 So. 794 (1917); City of West Palm Beach v. Palm Beach County Police Benevolent Association, 387 So.2d 533 (Fla. 4th DCA 1980).
Given the substantial violations of Woods’ rights, is it just to conclude, as the majority does in this case, that she is without a remedy? Can there be any legal right in a court of law, for which there is no remedy? To so hold abrogates the existence of the right in a philosophical as well as a legal sense.[1]
I think the remedy of reappointment is *635 proper in this ease,[2] but even if it is not, then we should remand this proceeding to the arbitrator for the application of a different remedy. See W.R. Grace Co. v. Local Union 759, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). In this case the award was vacated pursuant to section 682.13(l)(c), Florida Statutes (1983).[3] Section 682.13(3) provides:
In vacating the award on grounds other than those stated in subsection (l)(e), the court may order a rehearing before new arbitrators chosen as provided in the agreement or provision for arbitration or by the court in accordance with section 682.04, or, if the award is vacated on grounds set forth in subsection (l)(c) and (d), the court may order a rehearing before the arbitrators or umpire who made the award or their successors appointed in accordance with section 682.04. The time within which the agreement or provision for arbitration requires the award to be made is applicable to the rehearing and it commences from the date of the order thereof.
Some remedy is surely required on due process and equal protection grounds. See City of Tallahassee v. Public Employees Relations Commission, 410 So.2d 487 (Fla.1981).

. The majority’s decision frustrates the legal maxim "For every right there is a remedy.” Fidelity and Casualty of New York v. Homan, 116 So.2d 444 (Fla. 2d DCA 1959). This maxim especially holds true where constitutional rights *635 are implicated. In Re Roy, 90 Misc.2d 35, 393 N.Y.S.2d 515 (N.Y.Fam.Ct.1972).

. See School Board of Seminole County v. Come-lison, 406 So.2d 484, 488 (Fla. 5th DCA 1981) (Sharp, J., dissenting), pet. rev. den., 421 So.2d 67 (Fla.1982).

. (1) Upon application of a party, the court shall vacate an award when: