483 So.2d 888 (1986)
PRUDENTIAL-BACHE SECURITIES, INC., F/K/a Bache, Halsey, Stuart, Shield, Inc. and John D. Pavlus, Appellants,
v.
Terry Lynn SHUMAN, Appellee.
Nos. 85-2032, 85-2059.
District Court of Appeal of Florida, Third District.
March 4, 1986.
Fowler, White, Burnett, Hurley, Banick & Strickroot & Curtis Carlson, Miami, for appellants.
Joe N. Unger; Barbakoff, Fleitman & Schwartz, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
The defendants appeal a final judgment approving an arbitration award. We affirm.
The plaintiff filed a multi-count complaint in circuit court against the defendants, a stock brokerage and investment banking firm and one of its stockbrokers, seeking damages for the stockbroker's investment of the plaintiff's money in unsuitable securities and his pursuit of a risky investment scheme. By stipulation of the parties, the matter was submitted to arbitration. Following the final hearing, the *889 three-arbitrator panel awarded the plaintiff $58,000 in compensatory damages on her claims. The defendants filed a motion in the circuit court to vacate or modify the award. The circuit court ordered the defendants to furnish the court with a transcript of the arbitration proceedings and a brief setting forth the basis upon which the defendants wished the court to modify the arbitration award. Following review of the transcript and the memoranda of law supplied by the parties, the court denied the defendants' motion to vacate or modify the award and entered a final judgment in favor of the plaintiff confirming the arbitration award of $58,000. On appeal, the defendants do not contest their liability but merely challenge the amount of the award as being excessive under substantive law.
The standard of judicial review of an arbitration panel's decision is extremely limited. The panel is the sole and final judge of the evidence and the weight to be given it. Affiliated Marketing, Inc. v. Dyco Chemicals & Coatings, Inc., 340 So.2d 1240 (Fla. 2d DCA 1976), cert. denied, 353 So.2d 675 (Fla. 1977). The fact that the relief granted is such that it could not or would not be granted by a court of law or equity is not a ground for vacating or modifying the award. See § 682.13(1), Fla. Stat. (1983); Lake County Education Association v. School Board of Lake County, 360 So.2d 1280, 1284 (Fla. 2d DCA), cert. denied, 366 So.2d 882 (Fla. 1978). As the court in the second district has held,
[t]he proceedings had before the arbitrators are not generally to be examined by a trial Court or an appellate Court in determining how the arbitrators arrived at their award. [citations omitted] Such proceedings are not normally part of the award record, and it is incumbent upon the party feeling aggrieved to demonstrate bias or prejudice on the part of the arbitrators and if that burden is not sustained the award must be affirmed. [citation omitted]
Weeki Wachee Orchid Gardens, Inc. v. Florida Inland Theatres, Inc., 239 So.2d 602, 603 (Fla. 2d DCA 1970), cert. denied, 246 So.2d 110 (Fla.), appeal dismissed, 246 So.2d 110 (Fla. 1971). See also Affiliated Marketing; Bankers & Shippers Insurance Co. v. Gonzalez, 234 So.2d 693 (Fla. 3d DCA 1970).
As did the court in Weeki Wachee, we find that the sole issue in the present case is a factual one. The arbitrators, as the finders of fact, reconciled the conflicting evidence and awarded the plaintiff $58,000 in compensatory damages. The defendants have failed to demonstrate that the lower court committed reversible error by upholding the arbitrator's award and denying their motion to vacate or modify the award. See §§ 682.13-.14, Fla. Stat. (1983).
Accordingly, the order and judgment under review are affirmed.