PER CURIAM.
Hialeah Park, Inc. appeals from a circuit court order confirming an adverse arbitration award in a breach of contract action involving a lease. The sole point on appeal is that the $725,000 award “bears no rational relationship to the evidence that the parties presented with respect to damages,” in that the award “fails to coincide with the amount of damages requested by [the appellee Ocala Breeders’ Sales Co.] with respect to any of its claims or combination of claims or a set-off of Hialeah Park’s claim against [the appellee’s] claims.” Initial Brief of Appellant at 5. This being so, it is urged that the arbitration award “should be referred back to the arbitrators or vacated because the arbitrary nature of the award has precluded meaningful judicial review as required by the Florida Arbitration Code.” Id. at 4; see §§ 682.13, 682.14, Fla.Stat. (1987).
We disagree because, simply stated, we are unaware of any legal requirement that an arbitration award must coincide with a party’s request for damages, and the appellant Hialeah Park, Inc. cites none. Beyond that, the $725,000 award was well within the range of evidence adduced below as to lost profits, out-of-pocket expenses, and interest sought on this unliq-uidated claim; accordingly, the award is unassailable under Sections 682.13, 682.14, Florida Statutes (1987). It is well settled that arbitrators are not required to disclose the precise mathematical basis upon which they arrived at a damages award, Koch Oil, S.A. v. Transocean Gulf Oil Co., 751 F.2d 551 (2d Cir.1985); see Prudential-Bache Secs., Inc. v. Shuman, 483 So.2d 888 (Fla. 3d DCA 1986); Weeki Wachee Orchid Gardens, Inc. v. Florida Inland Theatres, Inc., 239 So.2d 602, 603 (Fla. 2d DCA 1970), cert. denied, 246 So.2d 110 (Fla.1971), and that a court will not substitute its judgment for that of the arbitrators, or review awards entered on disputed issues of fact, where, as here, the award could have been entered on the evidence presented, was within the scope of the submission to arbitration, and where, as here, there is no clear showing that the award is *1228 the result of the arbitrator improprieties listed in Section 682.13(1), Florida Statutes (1987). Merritt-Chapman & Scott Corp. v. State Road Dept., 98 So.2d 85, 86 (Fla.1957); Ogden v. Baile, 73 Fla. 1103, 1115, 75 So. 794, 797 (1917); Affiliated Mktg., Inc. v. Dyco Chems. & Coatings, Inc., 340 So.2d 1240, 1243 (Fla. 2d DCA), cert. denied, 353 So.2d 675 (Fla.1977); Carol City Utils., Inc. v. Gaines Constr. Co., 201 So. 2d 242, 244 (Fla. 3d DCA 1967), cert. denied, 210 So.2d 221 (Fla.1968); see also A.G. Edwards & Sons, Inc. v. Petrucci, 525 So.2d 918, 921 (Fla. 2d DCA 1988).
Affirmed.