598 So.2d 89 (1992)
FRATERNAL ORDER OF POLICE, Appellant,
v.
CITY OF MIAMI, Appellee.
No. 90-501.
District Court of Appeal of Florida, Third District.
March 17, 1992.
Rehearing Denied June 16, 1992.
*90 Atkinson, Jenne, Diner, Stone, Cohen & Klausner and Robert D. Klausner, Hollywood, for appellant.
Jorge L. Fernandez, City Atty., and Albertine B. Smith, Kathryn S. Pecko, and Theresa L. Girten, Asst. City Attys., for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.

ON MOTION FOR REHEARING
LEVY, Judge.
The opinion filed June 18, 1991, is withdrawn and the following is substituted in its place.
This case involves grievances filed by the Fraternal Order of Police, Miami Lodge 20 ["FOP"], against the City of Miami [the "City"] claiming that the City violated its collective bargaining agreement and a provision of the City Charter by paying three officers at a higher rate of pay than other similarly situated officers for a period of six months. The record reveals that in September of 1986, Juan Fernandez, who at the time was an Assistant Chief, was returned to his permanent civil service classification of Captain. Also in September of 1986, Alfredo Dominguez and Gerald Green, who at that time were, respectively, a Colonel and Major, were returned to their permanent civil service classifications of Sergeants. However, the salaries of the three officers were not reduced to reflect the changes in rank. According to the City, during the processing of the paperwork, a mid-level clerk mistakenly left the three at the higher rate of pay which exceeded the proper rate, as set forth in the collective bargaining agreement, for the classifications to which they were returned. These erroneous payments continued for a period of six months.
In December of 1986, the FOP filed two grievances, one on behalf of all police officers who held the rank of Sergeant during the said six-month period seeking to have their level of pay raised to the higher pay level received by Dominguez and Green, and one on behalf of all police officers who held the rank of Captain during the said six-month period seeking to have their level of pay increased to the same higher level as that of Fernandez. Both grievances alleged violations of the collective bargaining agreement and violations of Section 90 of the City Charter, which provide that the levels of pay within classifications are to be uniform.
The City admitted the improper payments and agreed to reduce the pay of the three officers to the appropriate rate. In April of 1987, the City did adjust the salaries of Fernandez, Dominguez and Green to the proper levels of pay for their classifications in accordance with the schedule of uniform payment contained in the collective bargaining agreement. However, the City refused to increase the salaries of the other affected officers up to the higher pay level for the said six-month period or to attempt to recover the overpayments from the three officers who had received them.
Subsequently, the FOP elected to utilize the grievance arbitration procedure provided for in the collective bargaining agreement. An arbitration hearing was held in July of 1987. At the hearing, the FOP argued that the arbitrator had the authority to enforce the City Charter and should grant the requested wage increases to the members of the affected class. The City *91 argued that the arbitrator did not have the authority to increase the wage payments.
In December of 1987, the arbitrator issued its opinion finding that: (1) the City had violated the collective bargaining agreement by paying the three men at a higher rate; but that (2) the arbitrator did not have the authority to increase the wages, and that, in any event, the grievance had been corrected and, thus, the issue was moot. The FOP then filed the instant action in Circuit Court seeking declaratory relief and damages for violation of the City Charter. The Amended Complaint sought a Declaratory Judgment finding that the City had violated the City Charter and, furthermore, damages for the affected class of police Sergeants and police Captains, alleging injury because they had not been paid at the same rate as Dominguez, Fernandez and Green. Both parties filed for Summary Judgment.
The trial court entered an order granting the City's motion for Summary Judgment, finding that, in accordance with the election of remedy provision of the collective bargaining agreement, the arbitrator's decision was final and binding. The trial court specifically found that wage rates for the police Sergeants and Captains could only be increased through negotiations as provided for in the collective bargaining agreement. The trial court further found that the higher pay rate had been a mistake, and the FOP claim was now moot, because the erroneous wage payments had been stopped.
It is well settled that, in order to preserve the integrity of the arbitration process, "courts will not review the finding of facts contained in an award, and will never undertake to substitute their judgment for that of the arbitrators." Ogden v. Baile, 73 Fla. 1103, 75 So. 794, 797 (1917). See also, Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla. 1989) (arbitration award operates as final and conclusive judgment; judicial review is limited); Merritt-Chapman & Scott Corp. v. State Road Dept., 98 So.2d 85 (Fla. 1957) (courts will not substitute their judgment for that of arbitrators); Complete Interiors, Inc. v. Behan, 558 So.2d 48 (Fla. 5th DCA), rev. denied, 570 So.2d 1303 (Fla. 1990) (courts are to exercise limited judicial review of arbitration awards); District School Bd. of St. Johns County v. Timoney, 524 So.2d 1129 (Fla. 5th DCA 1988) (high degree of conclusiveness attaches to arbitration awards; limited standard of review); City of West Palm Beach v. Palm Beach County Police Benevolent Association, 387 So.2d 533 (Fla. 4th DCA 1980) (same). The standard of judicial review of an arbitration panel's decision is extremely limited and a high degree of conclusiveness attaches to the arbitration panel's findings of fact and conclusions of law. Sorren v. Kumble, 578 So.2d 836 (Fla. 3d DCA 1991); St. Johns Cty. Sch. Bd. v. Timoney, 524 So.2d 1129 (Fla. 5th DCA 1988); Prudential-Bache Securities, Inc. v. Shuman, 483 So.2d 888 (Fla. 3d DCA 1986); City of West Palm Beach v. Palm Beach County Police Benevolent Association, 387 So.2d 533 (Fla. 4th DCA 1980); Bankers & Shippers Insurance Co. v. Gonzalez, 234 So.2d 693 (Fla. 3d DCA 1970). The policy reasons behind this limited standard of judicial review and long-standing principle of finality of arbitration are to encourage arbitration as an alternative method of dispute resolution, and to prevent the parties from relitigating the merits in order to place an end to the controversy. As stated by the Florida Supreme Court in Johnson v. Wells, 72 Fla. 290, 73 So. 188, 190-91 (1916):
The reason for the high degree of conclusiveness which attaches to an award made by arbitrators is that the parties have by agreement substituted a tribunal of their own choosing for the one provided and established by law, to the end that the expense usually incurred by litigation may be avoided and the cause speedily and finally determined. To permit the dissatisfied party to set aside the award and invoke the judgment of the court upon the merits of the cause would be to destroy the purpose of arbitration and render it merely a step in the settlement of the controversy, instead of a final determination of it.
*92 In accordance with these principles and policy reasons, it follows that, once employees have decided to pursue their administrative remedies through arbitration, in conformity with the grievance procedures to be used in resolving disputes between employers and employees as set forth in the labor contract or collective agreements, the decision of the arbitrator, even though adverse to the employees' position, is final and binding. Koenig v. Tyler, 360 So.2d 104 (Fla. 3d DCA 1978); Heath v. Central Truck Lines, Inc., 195 So.2d 588 (Fla. 1st DCA 1967).
In the present case, the collective bargaining agreement between the FOP and the City provides that an exclusive election of remedy be made prior to the filing of a grievance. Here the FOP elected to utilize the arbitration procedure contained in the collective bargaining agreement, the grievance proceeded to arbitration, and the arbitrator issued an opinion. Accordingly, under the above cited authority, we affirm the trial court's order granting the City's motion for summary judgment because, once the matter had been submitted to arbitration and a final and binding arbitrator's decision had been rendered, the Circuit Court did not have jurisdiction to entertain the declaratory judgment action below. See Metropolitan Dade County v. Dade County Association of Firefighters, Local 1403, 575 So.2d 289 (Fla. 3d DCA 1991); Bass v. Department of Transportation, 516 So.2d 972 (Fla. 1st DCA 1987); Koenig v. Tyler, 360 So.2d at 104; Heath v. Central Truck Lines, Inc., 195 So.2d at 588.
Affirmed.