BASKIN, Judge.
Darin & Armstrong, Inc., [Darin] appeals the entry of an order denying its motion to vacate an arbitration award. Finding no error in the trial court’s decision, we affirm.
Darin hired Monte Costella, Inc., [Costel-la] to perform masonry work as part of the renovation of Miami Heart Institute. The contract between the parties provided that in the event of a dispute the parties would submit to binding arbitration in accordance with the Construction Industry Arbitration Rules. When problems developed in the performance of the contract, the parties underwent arbitration. The final arbitration hearing began on April 25, 1988, and ended on April 28, 1988. The arbitrators requested that the parties submit their closing statements in writing within ten days. Because the tenth day fell on a Sunday, May 8, the statements were due no later than May 9. Costella hand-delivered its statement to the arbitrators on May 9; Darin mailed its statement on May ll.[1] On Friday, June 10, the date on which the arbitrators’ decision was due under the Construction Industry Arbitration Rules,[2] the parties were notified that the award would be entered on Monday, June 13. At that time, neither party voiced any objection to the delay. The award was entered without objection on June 13. Two weeks later, on June 27, Darin sought to have the American Arbitration Association vacate the award because it had been entered two days after the close of the thirty-day period, which Darin asserted began on May 11. On June 30, Costella applied for entry of a final judgment upon the arbitration award. On July 5, The American Arbitration Association rejected the motion to vacate. Darin then filed a motion to vacate in Dade *1054 County Circuit Court. On July 26, the circuit court denied the motion to vacate and entered final judgment on the arbitration award.
Darin asserts that the arbitration award should be set aside because the arbitrators lacked subject matter jurisdiction at the time they entered the award. Darin cites Klinefelter v. American Employers Ins. Co., 438 So.2d 864 (Fla. 4th DCA 1983), in support of its contention that the time for entering the award is a matter of jurisdiction and may not be waived. Klinefelter is inapplicable here. The Klinefelter court set forth no facts in support of its holding, and thus, we are unable to determine whether the Construction Industry Arbitration Rules were at issue in that case.[3]
Rule 41 of the Construction Industry Arbitration Rules provides that the parties may agree to extend the time provided in the rule for entry of an award. Because subject matter jurisdiction may not be altered by agreement, Brautigam v. MacVicar, 73 So.2d 863 (Fla.1954); State ex rel. Caraker v. Amidon, 68 So.2d 403 (Fla.1954); Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980); this provision signifies that the construction industry did not intend the time limit contained in rule 41 to limit the arbitrators’ jurisdiction. Furthermore, rule 38 of the Construction Industry Arbitration Rules provides specifically that “[a]ny party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection thereto in writing shall be deemed to have waived the right to object.” Darin did not object when it learned that the arbitration award would be entered after the time period provided in the rule, and failed to voice any objection, oral or written, until two weeks after the award was entered. Under the terms of rule 38, Darin waived its right to object to the tardy entry of the award.[4]
Affirmed.

. The date of its receipt by the arbitrators is unknown.

. Rule 41 of the Construction Industry Arbitration Rules provides:
The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than thirty days from the date of closing the hearings, or, if oral hearings have been waived, from the date of transmitting the final statements and proofs to the arbitrator.

. Section 682.02 of the Florida Arbitration Code, Ch. 682, Fla.Stat. (1987), states that parties may otherwise agree in writing to provide for arbitration, and that such an agreement shall be valid and enforceable between the parties. According to the agreement to arbitrate entered into by Darin and Costella, the Construction Industry Arbitration Rules govern this case.

. Had the parties not contracted to be bound by the Construction Industry Arbitration Rules and had the rules not specifically addressed this issue, the Florida Arbitration Code would have operated to extend the time period for the arbitrators to make their award. Section 682.09, Florida Statutes (1987), provides, in part, "[a]ny objection that an award was not made within the time required is waived unless the objecting party notifies the arbitrators or umpire in writing of his objection prior to the delivery of the award to him.”