578 So.2d 836 (1991)
Paul K. SORREN, Appellant,
v.
Richard A. KUMBLE and Prudential-Bache Securities, Inc., Appellees.
No. 90-858.
District Court of Appeal of Florida, Third District.
April 30, 1991.
Krongold, Bass & Todd and Paul H. Bass, Coral Gables, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Brian D. Elias, Miami, for appellees.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
Paul Sorren appeals a final judgment confirming an arbitration award. He contends that the arbitration panel erroneously admitted a piece of evidence, over objection, which he says was irrelevant and unfairly prejudicial to his position. He argues that the award should have been set aside on the theory that "the award was procured by ... undue means." 9 U.S.C. § 10; see also § 682.13(1)(a), Fla. Stat. (1989).
It is well settled that evidentiary rulings in arbitration proceedings are within the province of the arbitration panel. "The standard of judicial review of an arbitration panel's decision is extremely limited. The panel is the sole and final judge of the evidence and the weight to be given it." Prudential-Bache Securities, Inc. v. Shuman, 483 So.2d 888, 889 (Fla.3d DCA 1986). The "undue means" provision of the federal and state arbitration acts should be read in pari materia with the statutory phrase: an award may be set aside "[w]here the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10 (a). Without attempting a comprehensive definition, we think "undue means" refers to such matters as ex parte communications or undisclosed relationships between an arbitrator and one of the contestants. See generally Overseas Private Inv. Corp. v. Anaconda Co., 418 F. Supp. 107 (D.D.C. 1976). It does not cover a circumstance where *837 evidence is offered to the arbitration panel during its proceedings. Drayer v. Krasner, 572 F.2d 348, 352 (2d Cir.), cert. denied, 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791 (1978).
Affirmed.