ON MOTION FOR REHEARING
W. SHARP, Judge.
We grant rehearing and withdraw our per curiam affirmance of the order under review and issue this opinion in its place.
*672 Platman, as personal representative of the estate of her daughter Alichia, appeals from an order limiting damages on the basis that Platman had rejected a valid offer to arbitrate pursuant to section 766.207, Florida Statutes. Platman argued that the offer failed to contain an admission of liability and was therefore defective. We conclude that the offer to arbitrate was sufficient under section 766.207 and therefore the trial court properly limited Platman’s damages.
On March 15, 1993, Platman brought her daughter, then eight years old, to the family’s pediatrician, Dr. Weare. Dr. Weare admitted the child to Holmes Regional Medical Center with complaints of vomiting and occasional diarrhea. Alichia died a few days later on March 18,1993.
Platman brought this wrongful death action against Dr. Weare and his professional association (Dr. Weare), the hospital and others. During the pre-suit period, Dr. Weare submitted the following offer to enter into binding arbitration:
Pursuant to Section 766.207, Florida Statutes, and under the authority of University of Miami v. Echarte, 618 So.2d 189 (Fla.1993), potential Defendants, JOHN L. WEARE, JR., M.D. and JOHN L. WEARE, JR., M.D., P.A., request potential Plaintiffs to submit to binding arbitration on the issue of damages. A response is requested within thirty (30) days.
Platman responded by asserting that because there was no admission of liability, Dr. Weare had faded to comply with section 766.106 and thus the offer to arbitrate was defective. Platman advised that she considered this to be a final rejection of her claim and would begin to prepare a complaint. After the complaint was filed, Dr. Weare filed a motion to limit damages, as a sanction against Platman for rejecting the offer of arbitration. The court granted Dr. Weare’s motion to limit damages and this appeal ensued.
The Medical Malpractice Act, Chapter 766, contains two separate arbitration provisions. Section 766.106 was enacted as part of the Medical Malpractice Reform Act of 1985. This section provides that no suit may be filed for medical malpractice for a period of ninety days after notice is mailed to any prospective defendant. Subsection (3)(b) provides that:
At or before the end of the 90 days, the insurer or self insurer shall provide the claimant with a response:
1. Rejecting the claim;
2. Making a settlement offer; or
3. Making an offer of admission of liability and for arbitration on the issue of damages. This offer may be made contingent upon a limit of general damages.
Subsection (10) continues:
If a prospective defendant makes an offer to admit liability and for arbitration on the issue of damages, the claimant has 50 days from the date of receipt of the offer to accept or reject it ... Acceptance of the offer of admission of liability and for arbitration waives recourse to any other remedy ...
(a) If rejected, the offer to admit liability and for arbitration on damages is not admissible in any subsequent litigation ...
(b) If the offer ... is accepted, the parties have 30 days ... to settle the amount of damages. If the parties have not reached agreement after 30 days, they shall proceed to binding arbitration to determine the amount of damages....
Under this statute, the defendant may make an offer to arbitrate and the statute expressly contemplates an admission of liability with arbitration being conducted on the damages issue.
In 1988, the Legislature enacted section 766.207. Subsection (2) provides that upon completion of presuit investigation with preliminary reasonable grounds for a medical negligence claim, “the parties may elect to have damages determined by an arbitration panel.” Such election may be initiated by either party by serving a request for voluntary binding arbitration of damages within ninety days of service of the claimant’s notice of intent to initiate litigation upon the defendant. The opposing party may accept the offer of voluntary binding arbitration within thirty days.
Subsection (7) provides:
*673 Arbitration pursuant to this section shall preclude recourse to any other remedy by the claimant against any participating defendant, and shall be undertaken with the understanding that:
(a) Net economic damages shall be award-able, including, but not limited to, past and future medical expenses and 80 percent of wage loss and loss of earning capacity, offset by any collateral source payments.
(b) Non-economic damages shall be limited to a maximum of $250,00 per incident, and shall be calculated on a percentage basis with respect to capacity to enjoy life, so that a finding that the claimant’s injuries resulted in a 50-percent reduction in his capacity to enjoy life would warrant an award of not more than $125,000 non-economic damages.
(c) Damages for future economic losses shall be awarded to be paid by periodic payments pursuant to s. 766.202(8) and shall be offset by future collateral source payments.
(d) Punitive’ damages shall not be awarded.
(e) The defendant shall be responsible for the payment of interest on all accrued damages with respect to which interest would be awarded at trial.
(f) The defendant shall pay the claimant’s reasonable attorney’s fees and costs, as determined by the arbitration panel, but in no event more than 15 percent of the award, reduced to present value.
(g) The defendant shall pay all the costs of the arbitration proceeding and the fees of all the arbitrators other than the administrative hearing officer.
(h) Each defendant who submits to arbitration under this section shall be jointly and severally liable for all damages assessed pursuant to this section.
(i) The defendant’s obligation to pay the claimant’s damages shall be for the purpose of arbitration under this section only. A defendant’s or claimant’s offer to arbitrate shall not be used in evidence or in argument during any subsequent litigation of the claim following the rejection thereof.
(j) The fact of making or accepting an offer to arbitrate shall not be admissible as evidence of liability in any collateral or subsequent proceeding on the claim.
(k) Any offer by a claimant to arbitrate must be made to each defendant against whom the claimant has made a claim. Any offer by a defendant to arbitrate must be made to each claimant who has joined in the notice of intent to initiate litigation, as provided in s. 766.106. A defendant who rejects a claimant’s offer to arbitrate shall be subject to the provisions of s. 766.209(3). A claimant who rejects a defendant’s offer to arbitrate shall be subject to the provisions of s. 766.209(4).
(l) The hearing shall be conducted by all of the arbitrators, but a majority may determine any question of fact and render a final decision. The chief arbitrator shall decide all evidentiary matters.
The provisions of this subsection shall not preclude settlement at any time by mutual agreement of the parties.
Section 766.209 contains sanctions for the party who rejects an offer of voluntary binding arbitration. A claimant who rejects the defendant’s offer to enter voluntary binding arbitration is limited to recovery of net economic damages plus non-economic damages not to exceed $350,000.00 per incident. Section 766.209(4)(a). The Florida Supreme Court has upheld the constitutionality of the statutory cap on non-economic damages. University of Miami v. Echarte, 618 So.2d 189 (Fla.1993).
Here, the offer to arbitrate was expressly made pursuant to section 766.207 and referenced University of Miami v. Echarte. Section 766.207 does not expressly require an admission of liability. We are not empowered to rewrite legislation. We conclude that this offer to arbitrate was sufficient under section 766.207 and thus, Platman, who rejected the offer, was subject to the cap on non-economic damages.
Platman, however, argues that sections 766.106 and 766.207 must be read in pari materia and so the admission of liability requirement of section 766.106 must be considered a prerequisite to a valid offer to *674 arbitrate made pursuant to section 766.207. While both sections 766.106 and 766.207 concern arbitration, they are two separate and distinct arbitration procedures. Parties cannot employ some of the provisions of section 766.106 and some of the provisions of section 766.207 to create a hybrid system of arbitration. Tallahassee Memorial Regional Medical Center, Inc. v. Kinsey, 655 So.2d 1191 (Fla. 1st DCA), rev. denied, 662 So.2d 344 (Fla.1995).
We find nothing in this opinion which conflicts with University of Miami or Tallahassee Memorial Regional Medical Center. In University of Miami, the Florida Supreme Court upheld the constitutionality of sections 766.207 and 766.209 against attacks that they violate a claimant’s right of access to the courts. In discussing these sections, the court noted that, among other things, a claimant who accepts the defendant’s offer to arbitrate under section 766.207 enjoys the benefit of joint and several liability of multiple defendants in the arbitration. Liability is already addressed by the statute and an admission of liability in an offer to arbitrate pursuant to this section would seem to be superfluous. In Tallahassee Memorial Regional Medical Center, the first district noted that the procedures for arbitration under section 766.207 are completely separate from the procedures under section 766.106. While it is true that the defendants in that case offered to admit liability and to submit to arbitration, the parties followed some of the procedures of section 766.106 and some of the procedures of section 766.207. Here, the offer was made pursuant to section 766.207 exclusively.
AFFIRMED.
COBB and HARRIS, JJ., concur.