803 So.2d 771 (2001)
STATE of Florida DEPARTMENT OF INSURANCE, Appellant,
v.
FIRST FLORIDIAN AUTO AND HOME INSURANCE COMPANY, Travelers Indemnity Company, Travelers Indemnity Company of America, Phoenix Insurance Company, and Charter Oak Insurance Company, Appellees.
No. 1D00-3233.
District Court of Appeal of Florida, First District.
November 16, 2001.
Rehearing Denied January 9, 2002.
*772 Steven H. Parton and Michael H. Davidson, Tallahassee, for Appellant.
John Radey, Elizabeth McArthur and David Yon of Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Tallahassee, for Appellees.
BENTON, J.
The Florida Department of Insurance (the Department) appeals dismissal of its amended complaint and motion to vacate arbitration award. It sought to overturn an *773 arbitration award under section 627.062(6), Florida Statutes (1999), which approved rate increases for homeowners' insurance policies that appellees issue. Concluding that the Department failed to allege facts that would justify vacating the arbitration award under section 682.13, Florida Statutes (1999), we affirm.

I.
"Whether a complaint should be dismissed is a question of law. On appeal of a judgment granting a motion to dismiss, the standard of review is de novo." City of Gainesville v. State, Dep't. of Transp., 778 So.2d 519, 522 (Fla. 1st DCA 2001). "For purposes of ruling on the motion to dismiss, the trial court was obliged to treat as true all of the amended complaint's well-pleaded allegations...." Id.; see also Meyers v. City of Jacksonville, 754 So.2d 198, 202 (Fla. 1st DCA 2000); Weaver v. Leon County Classroom Teachers Ass'n, 680 So.2d 478, 481 (Fla. 1st DCA 1996). A reviewing court must likewise assume the truth of a complaint's well-pleaded factual allegations when deciding whether dismissal of the complaint was proper.
Among other things, the Department alleged in its amended complaint and motion to vacate arbitration award that the arbitrators based their decision in this case solely on hearsay. Even when met with the insurance companies' motion to dismiss, the amended complaint and motion to vacate arbitration award did not, however, require the trial court to accept the Department's legal characterization of the evidence the arbitrators allegedly considered. See. Am. Can Co. v. City of Tampa, 152 Fla. 798, 14 So.2d 203, 208 (1943) ("Allegations of legal conclusions are not admitted by a motion to dismiss."). We nevertheless assume the accuracy of the Department's hearsay characterization for purposes of deciding the present appeal.

II.
According to their amended complaint and motion to vacate arbitration award, First Floridian Auto and Home Insurance Company, Travelers Indemnity Company, Travelers Indemnity Company of America, Phoenix Insurance Company, and Charter Oak Insurance Company (the insurance companies) made "file and use" applications for rate increases, seeking the Department's approval, territory by territory, of various increases in homeowners' insurance rates, averaging fifteen percent state-wide. In due course, the Department gave notice of its intent to disapprove these rate filings, which notice "constitute[d] agency action for purposes of the Administrative Procedure Act [APA]," § 627.062(2)(a)(1.), Fla. Stat. (1999), and also gave the insurance companies the statutory option "in lieu of demanding a hearing under s. 120.57, [to] require arbitration of the rate filing." § 627.062(6)(a), Fla. Stat. (1999).
Rather than instituting administrative proceedings, the Department alleged, the insurance companies demanded arbitration in conformity with applicable rule and statutory provisions, including:
(a) ... Arbitration shall be conducted by a board of arbitrators consisting of an arbitrator selected by the department, an arbitrator selected by the insurer, and an arbitrator selected jointly by the other two arbitrators....
(b) Arbitration under this subsection shall be conducted pursuant to the procedures specified in ss. 682.06-682.10.... The department shall adopt rules for arbitration under this subsection, which rules may not be inconsistent with the arbitration rules of the American Arbitration Association as of January 1, 1996.

*774 (c) Upon initiation of the arbitration process, the insurer waives all rights to challenge the action of the department under the Administrative Procedure Act or any other provision of law; however, such rights are restored to the insurer if the arbitrators fail to render a decision within 90 days after initiation of the arbitration process.
§ 627.062(6), Fla. Stat. (1999). The Department alleged that the final arbitration hearing took place, on February 7, 2000, some 119 days "after initiation of the arbitration process," on October 11, 1999.
On February 25, 2000, it was further alleged, the arbitrators (voting two to one) made an award approving the insurance companies' rate filings but modifying the amount of the proposed rate increase by reducing it to "11.8 % provided that the rate level increase for any one territory shall not exceed 25 %." The award was allegedly made within thirty days of final hearing. See Fla. Admin. Code R. 4-170.135(1) ("The arbitration panel shall file its final decision or award within 30 days from the date of the commencement of the final evidentiary hearing, unless the parties agree otherwise."); Am. Arb. Ass'n R. 41 ("The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than thirty days from the date of closing the hearing....").

III.
Unhappy with the arbitrators' decision,[1] the Department "appl[ied] to the circuit court to vacate ... the decision pursuant to s. 682.13." § 627.062(6)(b), Fla. Stat. (1999). Specifically, as the sole statutory basis for judicial relief, the Department cited section 682.13(1)(c), Florida Statutes (1999), which authorizes the circuit court to vacate an arbitration award when "[t]he arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers." § 682.13(1)(c), Fla. Stat. (1999). The Department does not contend that any other statutory provision sanctioning judicial invalidation of an arbitration award is pertinent here.
The Supreme Court of Florida had definitively construed section 682.13(1)(c) to require highly deferential judicial review of arbitration awards, long before the Legislature incorporated the chapter 682 arbitration and judicial review provisions in the insurance rating law, by enacting section 627.062(6), Florida Statutes (Supp. 1996). See Ch. 96-194, § 4, at 589, Laws of Fla. In Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla.1989), the court had said:
[I]t is well settled that "the award of arbitrators in statutory arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment." Cassara v. Wofford, 55 So.2d 102, 105 (Fla.1951). See also District School Bd. v. Timoney, 524 So.2d 1129 *775 (Fla. 5th DCA 1988); Prudential-Bache Securities, Inc. v. Shuman, 483 So.2d 888 (Fla. 3d DCA 1986); McDonald v. Hardee County School Bd., 448 So.2d 593 (Fla. 2d DCA), review denied, 456 So.2d 1181 (Fla.1984); Newport Motel, Inc. v. Cobin Restaurant, Inc., 281 So.2d 234 (Fla. 3d DCA 1973).
Among district court opinions articulating similar views before section 627.062(6) was enacted are Tallahassee Memorial Regional Medical Center, Inc. v. Kinsey, 655 So.2d 1191, 1198 (Fla. 1st DCA 1995); Sorren v. Kumble, 578 So.2d 836, 836 (Fla. 3d DCA 1991); and Broward County Paraprofessional Association v. McComb, 394 So.2d 471, 472 (Fla. 4th DCA 1981) ("An arbitrator's award is entitled to a high degree of conclusiveness....").
The Legislature is presumed to know existing law when it enacts a statute. See Joshua v. City of Gainesville, 768 So.2d 432, 438 (Fla.2000); Holmes County Sch. Bd. v. Duffell, 651 So.2d 1176, 1179 (Fla.1995); Williams v. Jones, 326 So.2d 425, 435 (Fla.1975). From this presumption, of which the Legislature itself is well aware, it follows that the Legislature intended to adopt the deferential standard of review articulated in section 682.13 and explicated in the cases extant at the time section 627.062(6) was enacted. Then, as now, an "arbitration award can be vacated only upon the grounds stated in Section 682.13," Harris v. Haught, 435 So.2d 926, 928 (Fla. 1st DCA 1983), and "cannot be set aside for mere errors of judgment either as to the law or as to the facts." Schnurmacher Holding, 542 So.2d at 1328 (quoting Cassara, 55 So.2d at 105).
We do not decide the merits of the Department's belated contention that so construing section 627.062(6) renders it unconstitutional. The argument that the Florida Constitution requires more comprehensive judicial review in rate cases than is ordinarily available for arbitration awards was not made below, and was not made here until the Department filed its reply brief.[2]See Page v. City of Fernandina Beach, 714 So.2d 1070, 1083 (Fla. 1st DCA 1998) ("[A]n appellate court cannot consider matters which are raised for the first time on appeal in an appellant's reply brief")....(Davis, J., concurring in part, dissenting in part); Southeast Capital Fin. v. T/F Sys., 616 So.2d 482, 482-83 (Fla. 4th DCA 1993) (holding that "the Appellants have waived their argument ... as they raised this argument for the first time in their reply brief.").

IV.
The Department's amended complaint and motion to vacate arbitration award alleged that the arbitrators exceeded their *776 powers (a) by violating Florida Administrative Code Rule 4-170.131(6), which provides that "[h]earsay evidence may be used to supplement or explain other evidence, but shall not be sufficient in itself to support a finding, unless the hearsay evidence would be admissible over objection in a civil action"; (b) by admitting evidence concerning certain mathematical models and output ranges that the Florida Commission on Hurricane Loss Projection Methodology had not found to be accurate and reliable in accordance with section 627.0628(3)(c), Florida Statutes (1999); and (c) by rendering their award after expiration of a ninety-day period supposedly mandated by section 627.062(6)(c), Florida Statutes (1999), and Florida Administrative Code Rules 4-170.127(2) and 4-170.135(1).

A.
The Department contended in its amended complaint and motion to vacate arbitration award that the arbitrators exceeded their authority by the use they made of hearsay, and by admitting evidence of models and output ranges that had not been determined to be accurate and reliable by the Florida Commission on Hurricane Loss Projection Methodology pursuant to section 627.0628(3)(c), Florida Statutes (1999). The Department's contention that section 627.0628(3)(c) forbids arbitrators' consideration of models or output ranges not found accurate or reliable by the Florida Commission on Hurricane Loss Projection Methodology (the Commission) has no basis in the statutory language. Section 627.0628(3)(c) does not exclude evidence of any kind from rate filing arbitration proceedings.[3] In any event, as with its hearsay argument, the Department is attempting to recast allegedly erroneous evidentiary rulings and fact findings as alleged malfeasance of a kind that would justify vacating the arbitrators' award. The cases categorically reject this approach. See Schnurmacher Holding, 542 So.2d at 1328; Cassara v. Wofford, 55 So.2d at 105; Sorren v. Kumble, 578 So.2d at 836; Tallahassee Mem'l Regional Med. Ctr., 655 So.2d at 1198; Bankers & Shippers Ins. Co. v. Gonzalez, 234 So.2d 693, 695 (Fla. 3d DCA 1970).
To reiterate, the relief the Department sought was available, if at all, only under section 682.13. See § 627.062(6)(b), Fla. Stat. (1999) ("Either party may apply to *777 the circuit court to vacate ... the decision pursuant to s. 682.13...."). See also Big Bend Police Benevolent Ass'n, 710 So.2d at 215; Okun v. Litwin Sec., 619 So.2d 995, 995 (Fla. 3d DCA 1993); Bankers & Shippers Ins. Co., 234 So.2d at 695 ("The very essence of an arbitration is an agreement to be bound by the factual determination of the arbitrator and thus end the factual controversy. The appellant may not do indirectly what it is forbidden to do directly. By label[]ing a factual controversy an excess of jurisdiction appellant cannot again litigate the merits of the controversy." (construing section 682.13(1)) (citations omitted)). If construed to authorize judicial review of a kind different from the judicial review provided by section 682.13, Florida Administrative Code Rule 4-170.131(6) would not conform to the requirements of section 627.062(6)(b).
Properly understood, Rule 4-170.131(6) does nothing more than describe evidence that the arbitrators can consider. The rule provides:
The rules of evidence shall not apply. Except as provided in these rules, any relevant evidence shall be admitted if it is the kind of evidence on which reasonable, prudent persons are accustomed to rely on in the conduct of their affairs. Hearsay evidence may be used to supplement or explain other evidence, but shall not be sufficient in itself to support a finding, unless the hearsay evidence would be admissible over objection in a civil action. The rules of privilege shall be effective to the same extent that they are now or hereafter may be recognized in civil actions. Irrelevant and unduly repetitious evidence may be excluded.
This provision pertains to the arbitrators' conduct of arbitration,[4] and does not purport to alter the standard of judicial review.
A court is authorized to vacate an arbitrators' award where the arbitrators "refused to hear evidence material to the controversy," § 682.13(1)(d), Fla. Stat. (1999), but there is no authority for vacating an arbitrators' award because the arbitrators considered evidence, even evidence that would be inadmissible in a judicial or administrative proceeding. See City of Tallahassee v. Big Bend Police Benevolent Ass'n, 710 So.2d 214, 215 (Fla. 1st DCA 1998) (holding that applying the wrong evidentiary standard is not a basis for vacating an arbitration award); Tallahassee Mem'l Regional Med. Ctr., 655 So.2d at 1198 ("Arbitrators are not constrained by formal rules of evidence or procedure. Rather, they enjoy wide latitude in the conduct of proceedings. Moreover, they are the final judges of such matters as the admissibility and relevance of evidence.").

B.
Finally, the Department posits a requirement that arbitration must conclude within ninety days of the demand therefor, and contends that the case should be returned to the trial court so the Department *778 can prove that the arbitrators' award was made outside this period. But the Department misreads section 627.062(6)(c) as limiting the time for arbitration to ninety days from the date of the arbitration demand. The ninety-day provision does nothing more than give insurers an escape hatch if arbitration proceedings bog down.
The statute confers on insurers the right to elect arbitration and requires that they forgo their rights under the APA (at least temporarily) if they do so. But it also provides that APA "rights are restored to the insurer if the arbitrators fail to render a decision within 90 days after initiation of the arbitration process." § 627.062(6)(c), Fla. Stat. (1999) (emphasis supplied). Once ninety days have elapsed, the insurer has the option of abandoning arbitration and requesting an administrative hearing instead. Section 627.062(6)(c) does not impose any absolute deadline for concluding arbitration.
Nor do the Department's rules impose a ninety-day deadline. The rules contain two separate time provisions, which operate independently of one another. Florida Administrative Code Rule 4-170.127(2) provides that, "[u]nless otherwise stipulated by the parties with the consent of the arbitration panel, the final hearing shall be held no more than sixty (60) days after the date that the initial Demand for Arbitration was filed." Florida Administrative Code Rule 4-170.135(1) provides that "[t]he arbitration panel shall file its final decision or award within 30 days from the date of the commencement of the final evidentiary hearing, unless the parties agree otherwise." The Department has promulgated no rule requiring that arbitration conclude within ninety days of a demand.
The Department has not, moreover, alleged a violation specifically of Florida Administrative Code Rule 4-170.135(1), with which there was apparently unquestioned compliance. Because the award was allegedly made within thirty days of the hearing, Rule 4-170.135(1) does not require us to decide "the effect of rendition of an arbitration award after expiration of the period established by contract or rule." Klinefelter v. Am. Employers Ins. Co., 438 So.2d 864, 864 (Fla. 4th DCA 1983). See Am. Arb. Ass'n R. 39 ("The [American Arbitration Association] or the arbitrator may for good cause extend any period of time established by these rules, except the time for making the award."). In the present case, no question requires decision under Rule 4-170.135(1).
The Department did, however, specifically allege that the arbitrators violated Florida Administrative Code Rule 4-170.127(2) by overruling the written objection the Department made (at the time of the commencement of the final hearing) to going forward, on grounds that more than sixty days had elapsed since arbitration had been demanded. But, as alleged, the arbitrators' decision to proceed with the hearing did not "exceed[ ] their powers." § 682.13(1)(c), Fla. Stat. (1999). See § 682.13(1)(d), Fla. Stat. (1999) (providing that an arbitration award may be vacated if the "arbitrators or the umpire in the course of her or his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor"). Until the day of the hearing, all parties may well have proceeded on the assumption that the arbitration hearing would take place that day.
Absent allegations that no good or sufficient cause was shown for scheduling and conducting the hearing more than sixty days after the demand for arbitration, the Department's amended complaint and motion to vacate arbitration award failed to state grounds for vacating the award. The amended complaint and motion to vacate arbitration award did not allege that *779 the arbitrators' decision was not predicated on a ruling, e. g., that the Department's participation in elaborate discovery over many months waived the last minute objection it made, under Florida Administrative Code Rule 4-170.127(2), to the hearing date.
To construe Rule 4-170.127(2) as denying arbitrators the ability, for good cause shown, to schedule hearings more than sixty days after the demand for arbitration, would render Rule 4-170.127(2) at odds not only with section 682.13(1)(d), but also with section 627.062(6)(b), which requires that the Department's rules "not be inconsistent with the arbitration rules of the American Arbitration Association as of January 1, 1996." Under the American Arbitration Association's Rule 21, arbitrators have the authority to "set the date, time, and place for each hearing." See also Am. Arb. Ass'n R. 26 ("The arbitrator for good cause shown may postpone any hearing upon the request of a party or upon the arbitrator's own initiative, and shall also grant such postponement when all of the parties agree."). See generally Darin & Armstrong, Inc. v. Monte Costella, Inc., 542 So.2d 1053, 1054 (Fla. 3d DCA 1989) (stating that an arbitration rule allowing parties to agree to "extend the time provided in the rule" signified that the time limit was not intended "to limit the arbitrators' jurisdiction" because "subject matter jurisdiction may not be altered by agreement"). The fairness of an arbitration hearing may depend on its timing, not least if complex subject matter requires lengthy preparation.

V.
Because the amended complaint and motion to vacate arbitration award failed to state grounds for vacating the arbitrators' award under section 682.13, Florida Statutes (1999), the trial court properly granted the motion to dismiss.
Affirmed.
MINER and WOLF, JJ., CONCUR.
NOTES
[1] The record does not reflect what action, if any, the insurers have taken on the basis of the arbitrators' award, whether the Department has issued an order to show cause like the one it issued in In re Florida Windstorm Underwriting Ass'n, No. 43145-01-CO (Dep't of Ins. Sept. 5, 2001), or whether the Department has instituted proceedings to reduce the rates the insurers may charge for homeowners' policies under the arbitrators' award. See § 627.062(2)(g), Fla. Stat. (1999) ("The department may at any time review a rate.... If the department finds on a preliminary basis that a rate may be excessive, inadequate, or unfairly discriminatory, the department shall initiate proceedings to disapprove the rate....").
[2] Policy holders have filed suit in circuit court asserting that section 627.062 is unconstitutional insofar as it permits private arbitrators in effect to exercise governmental regulatory authority without providing for meaningful administrative or judicial review. They seek a declaratory judgment that section 627.062(6), Florida Statutes, violates the Florida Constitution because it

provides that a rate filing arbitration decision is entitled to the same finality as all other private arbitration decisions and may only be set aside on the very limited procedural grounds provided in the Florida Arbitration Code.... [A] majority decision of the arbitrators approving an insurer's rate filing is unreviewable by the Department or the Courts. As a result, private arbitrators are empowered by § 627.062(6) to issue a decision usurping the Department's regulatory authority to determine premium rates and coverage limitations.
Zimmerman v. Fla. Windstorm Underwriting Ass'n, No. 01-006 (Fla. 2d Cir.Ct.) (am. compl. dated Apr. 23, 2001). We express no opinion on the merits of the policy holders' lawsuit or on the issue the policy holders raise there, because the Department failed to raise the issue at any time before filing the reply brief.
[3] The language of the section is permissive. Section 627.0628(1)(c) permits an insurer to use models and output ranges adopted by the Commission without proving their accuracy or reliability, unless an objecting party shows by a preponderance of the evidence that "the way in which such standards and guidelines were applied by the insurer was erroneous." Sections 627.0628(1)(c) and (3)(c) presume the validity of actuarial methods, principles, standards, models and output ranges that the Commission adopts. Section 627.0628(3)(c), Florida Statutes (1999), provides:

With respect to a rate filing under s. 627.062, an insurer may employ actuarial methods, principles, standards, models, or output ranges found by the commission to be accurate or reliable to determine hurricane loss factors for use in a rate filing under s. 627.062, which findings and factors are admissible and relevant in consideration of a rate filing by the department or in any arbitration or administrative or judicial review.
But the rebuttable presumption this provision creates does not prevent an insurer or any other party from adducing other actuarial methods, principles, standards, models and output ranges. See § 627.0628(1)(c) ("It is the further intent of the Legislature that such standards and guidelines must be used by the State Board of Administration in developing reimbursement premium rates for the Florida Hurricane Catastrophe Fund, and may be used by insurers in rate filings under s. 627.062 unless the way in which such standards and guidelines were applied by the insurer was erroneous, as shown by a preponderance of the evidence." (Emphasis supplied.)).
[4] Section 627.062(6)(b), Florida Statutes (1999) grants the Department authority to promulgate rules for rate arbitration as long as those rules are not "inconsistent with the arbitration rules of the American Arbitration Association as of January 1, 1996." Rule 31 of the American Arbitration Association provides that "[t]he parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute.... The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary." Rule 32 of the American Arbitration Association provides that "[t]he arbitrator may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission."