Forst, J.
This appeal involves a trial court’s jurisdiction to vacate an arbitration award. In a literal example of “too late, too little”— because appellee Costanzo’s petition to vacate the award was not filed within the requisite time frame for one of the alleged grounds, and because he has not alleged any facts supporting the second ground that was timely pled—we reverse the trial court’s vacation and remand for the trial court to confirm the award.
Background
The appellee, Anthony Costanzo (“Employee”), was a deputy with the Broward County Sheriff’s Office (“BSO”). He was arrested on evidence tampering charges and was fired. Employee filed a grievance petition pursuant to his collective bargaining agreement and proceeded to arbitration. Approximately one year after his termination, Employee was convicted of one of the criminal charges against him.
Employee requested an indefinite postponement from the arbitrator so that he could appeal his conviction. Although the record suggests that this request was granted for a time, the postponement was apparently no longer in effect in March of 2014. On March 15, 2014, the arbitrator dismissed Employee’s grievance because Employee was a convicted felon and therefore was unable to work as a law enforcement officer.
On December 3, 2014, we released our opinion in Costanzo v. State, 152 So.3d 737 (Fla. 4th DCA 2014), which reversed Employee’s conviction. The State’s motion for rehearing in that case was denied on December 29, 2014, and the mandate issued on January 16, 2015.
On April 13,2015, Employee filed a Petition to Vacate Arbitration Award and for Damages. In the petition, Employee argued that his rights were violated “when BSO refused to continue the arbitration hearing” and that the award should be vacated because “the Arbitrator made rendered [sic] his decision without allowing [Employee] to testify and defend against his wrongful termination.” This latter argument was based on Employee’s Fifth Amendment right not to incriminate himself in his then-ongoing criminal case.
*646 Following a hearing, the trial court granted Employee’s motion, vacated the arbitration award, and ordered that the case be re-arbitrated. The trial court found that there was a “new fact” in play— namely, that Employee was no longer a felon. BSO appealed.
Analysis
This Court reviews orders on a petition to vacate an arbitration award under a mixed standard: facts are reviewed for competent and substantial evidence and legal questions are reviewed de novo. LeNeve v. Via S. Fla., L.L.C., 908 So.2d 530, 534 (Fla. 4th DCA 2005).
“Absent a timely motion to vacate ... [an arbitration] award, [a] trial court ha[s] no discretion but to confirm the award as rendered.” Broward Cty. Paraprof'l Ass’n v. Sch. Bd. of Broward Cty., 406 So.2d 1252, 1253 (Fla. 4th DCA 1981); see also Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla. 1989) (“Section 682.13(1) sets forth the only grounds upon which an award of an arbitrator ... may be vacated .... ”). “A motion [to vacate] must be filed within 90 days after the movant receives notice of the award .... ” § 682.13(2), Fla. Stat. (2014). The only exception to this rule is when “the movant alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion must be made within 90 days after the ground is known or by the exercise of reasonable care would have been known by the movant.” Id.
The arbitration award in this case (the dismissal) was entered on March 15, 2014, and Employee has not argued that there was any significant delay in his receipt of notice of this award. Employee’s petition to vacate was filed on April 13, 2015—over a year later. Due to Employee’s failure to file the petition to vacate within 90 days of the March 15, 2014 dismissal, his petition was untimely filed unless he can establish that “the award was procured by corruption, fraud, or other undue means.” § 682.13(2). The statute dealing with the vacation of awards specifically allows an award to be vacated because “[a]n arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement ... so as to prejudice substantially the rights of a party.” § 682.13(l)(c). However, this is a separate ground from that of “corruption, fraud, or other undue means,” and it is therefore subject to the 90-day filing rule of section 682.13(2). Thus, to the extent that Employee is attempting to rely on the arbitrator’s refusal to postpone the proceedings during Employee’s criminal appeal, his petition is untimely because it should have been brought within 90 days of March 15, 2014.
Employee therefore argues that the March 15, 2014 dismissal was procured by undue means, which would allow his petition to be filed within 90 days “after the ground is known or by the exercise of reasonable care would have been known.” § 682.13(2). BSO argues that the ground was known upon this Court’s release of the opinion reversing Employee’s conviction on December 3, 2014, and therefore that the 90-day time period expired before Employee’s April 13, 2015 petition. BSO confuses the release of an opinion with the actual legal effect of an opinion. This Court’s reversal of Employee’s conviction did not take effect until the mandate issued on January 16, 2015. See Reed v. State, 565 So.2d 708, 709 (Fla. 5th DCA 1990) (noting “[t]he appellate process is not completed until a mandate is issued.”). Before that date, Employee’s conviction was still in effect. Although Employee may have known that he would soon have his conviction reversed upon the release of our opinion and the denial of the State’s mo *647 tion for rehearing, he could not have known for certain that he was not a felon until such time as the mandate issued. Employee’s April 13, 2015 petition was therefore timely filed to raise the grounds that the reversal of Employee’s conviction on January 16, 2015 constituted “undue means.”
Although Employee’s petition was timely to raise the grounds of undue means, he has not made the necessary showing to receive relief. “ ‘[U]ndue means’ refers to such matters as ex parte communications or undisclosed relationships between an arbitrator and one of the contestants.” Sorren v. Kumble, 578 So.2d 836, 836 (Fla. 3d DCA 1991). Like the Third District in Sorren, we need not “attempt[ ] a comprehensive definition” of the term “undue means”; we merely hold that the existence of a fact true at the time of the arbitration which later ceases to be true is not within the scope of that definition. Here, the trial court did not err in its determination that, at the time of the hearing, Employee was a convicted felon, but even if the later change in that circumstance were viewed as invalidating the previous determination, the factual error would not be grounds to vacate the order. See Commc’ns Workers of Am. v. Indian River Cty. Sch. Bd., 888 So.2d 96, 99 (Fla. 4th DCA 2004) (“[Arbitration proceedings cannot be set aside for mere errors of judgment either as to the law or as to the facts .... ” (emphasis added) (quoting Noriega, 542 So.2d at 1328)). Employee has failed to identify any fact or circumstance that would fall under the definition of “undue means.”
Conclusion
Employee’s petition to vacate was untimely insofar as it raised an objection to the arbitrator’s failure to continue the proceedings, and is timely but without merit on the allegation of the result being procured by undue means. As such, the trial court erred in vacating the arbitration award. We reverse and remand with instructions for the trial court to confirm that award.

Reversed and remanded.

Taylor and Conner, JJ., concur.